UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB -3 P 4: 07

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| TLT CONSTRUCTION CORP., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION #<br>) NO.   AMOUNT $ 150 |
| SEATING SOLUTIONS RI, INC., | ) SUMMONS ISSUED N/A<br>) LOCAL RULE 4.1 |
| Defendant. | ) WAIVER FORM<br>) MCF ISSUED<br>  BY DPTY. CLK. TJM<br>  DATE 2/3/05 |

MAGISTRATE JUDGE *New Judge*

## NOTICE OF REMOVAL

To:   The Honorable Judges of the
United States District Court for the
District of Massachusetts

This Notice of RI Inc., d/b/a Seating Solutions ("Seating Solutions"), respectfully shows the following:

1. Seating Solutions is the defendant in a civil action brought in the District Court of Massachusetts, Middlesex County, Malden Division, styled *TLT Construction Corp. v. Seating Solutions RI, Inc.* No. 04-50-CV-1550.

2. The above-described action is an action of which this Court has jurisdiction and is removable under the provisions of Title 28, United States Code §§ 1332 and 1441(a) and (b), in that it is a civil action between citizens of different states, as more fully appears herein and in the Complaint, and, as reflected in the Civil Action Cover Sheet, the amount in controversy exceeds $75,000.

3. Upon information and belief, based on the allegations of the Complaint, plaintiff, TLT Construction Corp., was at the time this action was commenced, and still is, a corporation organized under the laws of the Commonwealth of Massachusetts, with a principal place of business in Wakefield, Massachusetts.

4. Seating Solutions is a corporation organized under the laws of New York, with a principal place of business in Hauppauge, New York.

5. This Notice is timely under 28 U.S.C. § 1446(b), as Seating Solutions first received a copy of the Summons and Complaint in said action on or after January 7, 2005.

7. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders received by Seating Solutions are attached hereto as *Exhibit A*.

8. Pursuant to 28 U.S.C. § 1446(d), copies of this Notice are being served on counsel to plaintiff and filed in the Malden District Court on this date.

9. Seating Solutions consents to removal of this action to the United States District Court for the District of Massachusetts, while reserving all rights to assert any and all defenses, including without limitation lack of personal jurisdiction and sufficiency of service.

10. Pursuant to Local Rule 81.1(a), Seating Solutions shall request from the Clerk of the Malden District Court certified or attested copies of all records and proceedings in the state court and certified or attested copies of all docket entries therein, and shall file the same with this Court within thirty days of the filing of this Notice.

WHEREFORE, the defendant prays that the above action now pending in the District Court of the Commonwealth of Massachusetts, Middlesex County, Malden Division be removed therefrom to this Court.

Respectfully submitted,

RI INC. d/b/a SEATING SOLUTIONS

By its attorney,

_____
THE LAW OFFICE OF TERRY KLEIN
Terry Klein, BBO# 652052
1558 Dorchester Avenue, Ste. 202
Dorchester, Massachusetts 02122
Telephone: (617) 825-8175
Facsimile: (617) 507-6454

Dated: February 3, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorneys of record for each other party by hand on February 3, 2005.

_____
Terry Klein

Uniform Form DCM-1

Summons

# Commonwealth of Massachusetts
# District Courts of Massachusetts

Middlesex _____, ss

Civil Action No. 0450CV1550

## SUMMONS
(Rule 4)

To defendant __Seating Solutions RI, Inc__ of __Hauppauge, NY__
(name) (address)

You are hereby summoned and required to serve upon __Patrick J. Sullivan__, plaintiff's attorney), whose address is __31 Chestnut Hill Ave., Boston, MA 02135__, a copy of your answer to the complaint which is herewith served upon you, within 20 days after service of this summons, exclusive of the day of service. You are also required to file your answer to the complaint in the office of the Clerk of this court either before service upon plaintiff('s attorney), or within 5 days thereafter. If you fail to meet the above requirements, judgment by default may be rendered against you for the relief demand in the complaint. You need not appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will be barred from making such claim in any other action.

WITNESS _____, Presiding Justice, on __January 4, 2005__
(date)

(SEAL)

Note: (1) When more than one defendant is involved, the name of all defendants should appear in the action. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

(2) The number assigned to the complaint by the Clerk at commencement of the action should be affixed to this summons before it is served.

## RETURN OF SERVICE

On _____ I served a copy of the within summons, together with a copy of the
(date of service)

complaint in this action, upon the within named defendant, in the following manner (see Rule 4(d)(1-5)):

_____
(signature)

_____
(name and title)

_____
(address)

Note: (1) The person serving the process shall make proof of service thereof in writing to the court and to the party or his attorney, as the case may be, who has requested such service. Proof of service shall be made promptly and in any event within the same time during which the person served must respond to the process. Rule 4(f).

(2) Please place date you make service on defendant in the box on the copy served on the defendant, on the original returned to the court and on the copy returned to the person requesting service or his attorney.

(3) If such service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent. (G.L. c. 223, sec. 31).

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

MALDEN DISTRICT COURT
C.A. NO.

TLT CONSTRUCTION CORP.
  Plaintiff

v.

SEATING SOLUTIONS RI, INC.
  Defendants

## COMPLAINT

1. TLT Construction Corp. (hereinafter "TLT") is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with a regular place of business in Wakefield, Middlesex County, Massachusetts.

2. Seating Solutions RI, Inc. (hereinafter "Seating Solutions") is a foreign corporation with a regular place of business in Hauppauge, New York.

3. This matter arises from two public construction projects known and referred to as the Wachusett Regional High School, Wachusett, Massachusetts and Reading High School, Reading, Massachusetts (hereinafter "Projects").

4. Seating Solutions provided bids to TLT as general contractor to supply and install certain goods and materials at the Projects.

5. Seating Solutions knew or should have known that its bids were reasonably likely to induce action on behalf of TLT.

6. Seating Solutions' bids did induce action on behalf of TLT.

7. TLT relied in good faith on the Seating Solutions bids.

1

8. TLT was the lowest responsible and eligible bidder and has entered in a general contract with the awarding authority for the Projects.

9. TLT notified Seating Solutions that it intended to proceed as per the bids provided by Seating Solutions and relied upon in good faith by TLT.

10. TLT provided confirmation of acceptance of the bids and forwarded confirming contract forms for Seating Solutions to execute.

11. Seating Solutions endorsed the confirming contract forms and returned same to TLT so as to confirm offer, acceptance and formation of a binding contract between the parties.

12. Seating Solutions failed, refused and neglected to proceed in furtherance of the subcontracts and as a consequence TLT has been put in the position of having to hire successors.

13. TLT has been damaged in respect to the matters as complained of herein and is entitled to be made whole for and on account thereof.

## COUNT I

14. TLT Construction Corp. hereby incorporates paragraphs numbered 1 through 13 above herein.

15. Seating Solutions failed, refused and neglected to satisfy its obligations to TLT in a good, workmanlike and timely manner by proceeding in furtherance of the project.

16. TLT has made repeated demand for performance by Seating Solutions.

17. Seating Solutions has failed, refused and neglected to provide TLT with legitimate grounds in support and justification of continued nonperformance.

18. TLT has been damaged as a consequence of the matters, which are the subject of this complaint.

19. TLT is entitled to be made whole for and on account thereof.

2

20. As this matter involves an ongoing situation TLT is unable to calculate the full totality of its damages at this time and will require further opportunity to review its financial accounting as well as related construction records and hereby reserves to supplement as appropriate.

WHEREFORE the Plaintiff, TLT Construction Corp. demands judgment against the Defendant, Seating Solutions in an amount to be determined at trial, plus interest, costs, attorney's fees, and such other relief as this Court may deem appropriate.

## COUNT II

21. TLT Construction Corp. hereby incorporates paragraphs numbered 1 through 20 above herein.

22. TLT detrimentally relied in good faith on the acts and conduct of Seating Solutions.

23. Seating Solutions is in breach of its obligations to TLT as complained of herein.

24. TLT has been damaged as a consequence of the matters complained of herein and is entitled to be made whole for and on account thereof.

WHEREFORE the Plaintiff, TLT Construction Corp. demands judgment against the Defendant, Seating Solutions in an amount to be determined at trial, plus treble damages, treble interest, costs, attorney's fees, and such other relief as this Court may deem appropriate.

## COUNT III

25. TLT Construction Corp. hereby incorporates paragraphs numbered 1 through 24 above herein.

26. Seating Solutions is in breach based on its bids to TLT, which TLT subsequently elected to exercise.

27. Seating Solutions is obliged to TLT based on the doctrine of promissory estoppel.

28. TLT has been damaged as a consequence of the matters as complained of herein and is entitled to be made whole.

WHEREFORE the Plaintiff, TLT Construction Corp. demands judgment against the Defendant, Seating Solutions in an amount to be determined at trial, plus treble damages, treble interest, costs, attorney's fees, and such other relief as this Court may deem appropriate.

## COUNT IV

29. TLT Construction Corp. hereby incorporates paragraphs numbered 1 through 28 above herein.

30. All parties hereto are engaged in trade or commerce as per the terms of M.G.L. c. 93A.

31. There is no legitimate good faith dispute as would tend to support or justify the conduct of Seating Solutions.

32. The failure to perform without legitimate justification and the forcing of litigation to collect on account of same is a violation of M.G.L. c. 93A, §11.

33. TLT has been dealt with in an unfair and deceptive manner to induce it to finance Seating Solutions' obligations on the Project without Seating Solutions or its surety making proper payment in regard thereto.

34. TLT is entitled to an award of treble damages together with counsel fees as per M.G.L. c. 93A.

WHEREFORE the Plaintiff, TLT Construction Corp. demands judgment against the Defendant, Seating Solutions in an amount to be determined at trial, plus treble damages, treble interest, costs, attorney's fees, and such other relief as this Court may deem appropriate.

Dated: 12/28/04

TLT CONSTRUCTION CORP.,
By its Attorney,

Patrick J. Sullivan, Esq., BBO# 548752
HEAFITZ & SULLIVAN
56 Chestnut Hill Avenue
Boston, MA 02135
(617) 562-1000

5

MASSACHUSETTS TRIAL COURT
DISTRICT COURT DEPARTMENT

Malden Division

TLT CONSTRUCTION CORP.
  Plaintiff

v.

SEATING SOLUTIONS RI, INC.
  Defendants

## STATEMENT OF DAMAGES

{X} Plaintiff { } Defendant { } Other (specify) _____ in the above-captioned action, hereby asserts that the money damages sought by means of the {X} Complaint { } Crossclaim { } Counterclaim to which this statement of damages is attached, amount to $ 250,000 .

Signed: _____
Patrick J. Sullivan, Esq., BBO# 548752

Date: 12/27/04

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                    MALDEN DISTRICT COURT
                                                  C.A. NO.

```
TLT CONSTRUCTION CORP.      )
    Plaintiff               )
                            )
v.                          )
                            )
SEATING SOLUTIONS RI, INC.  )
    Defendants              )
```

## COUNSEL CERTIFICATION

I am attorney of record for: TLT Construction Corp.

**XX** Plaintiff     ___ Defendant     ___ Other (specify)_____ in the above captioned action.

In accordance with Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) which states in part "...Attorneys shall provide their clients with this information about court-connected dispute resolution services; discuss with their clients the advantages and disadvantages of the various methods of dispute resolution; and certify their compliance with this requirement on the civil action cover sheet or its equivalent...," I hereby certify that I have complied with this requirement.

Dated: 12·27·04

Patrick J. Sullivan, Esq., BBO# 548752

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __TLT Construction Corp. v. Seating Solutions, Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☑ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

   FILED IN CLERKS OFFICE
   2005 FEB -3 P 4:08
   U.S. DISTRICT COURT
   DISTRICT OF MASS.

   05-10223

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☑   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☑   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☑

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Terry Klein, BBO# 652052__
ADDRESS __1558 Dorchester Avenue, Ste. 202, Dorchester, MA 02122__
TELEPHONE NO. __(617) 825-8175__

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

**DEFENDANTS**

FILED
IN CLERKS OFFICE
2005 FEB -3  P 4: 08
U.S. DISTRICT COURT
DISTRICT OF MASS.

(b) County of Residence of First Listed Plaintiff: **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Suffolk, New York**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Heafitz & Sullivan, 56 Chesnut Hill Avenue, Boston, MA 02135 (617) 562-1000

Attorneys (If Known)
Law Office of Terry Klein, 1558 Dorchester Ave., Ste. 202, Dorchester, MA 02122 (617) 825-8175

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  |  / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. s. 1332

Brief description of cause:
Breach of construction contract.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** 250,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: 02/03/2005

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____