UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2005 FEB 10 P 12: 32
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| TLT CONSTRUCTION CORP., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SEATING SOLUTIONS RI, INC., )<br>)<br>Defendant. )<br>) | CIVIL ACTION<br>NO. 05-10223-DPW |

## ANSWER

RI, Inc., d/b/a Seating Solutions ("Seating Solutions"), erroneously sued herein as "Seating Solutions RI, Inc.," hereby answers the Complaint of TLT Construction Corp. ("TLT" or "Plaintiff") as follows:

1.    Seating Solutions states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph "1" of the Complaint.

2.    Denied. The actual name of the defendant is RI, Inc., d/b/a Seating Solutions.

3.    Seating Solutions admits the allegations stated in paragraph "3" of the Complaint.

4.    Seating Solutions denies the allegations stated in paragraph "4" of the Complaint.

5.    Seating Solutions denies the allegations stated in paragraph "5" of the Complaint.

6.    Seating Solutions states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph "6" of the Complaint except that it denies that it provided bids to TLT.

7.    Seating Solutions states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph "7" of the Complaint except

that it denies that it provided bids to TLT.

8.  Seating Solutions states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph "8" of the Complaint.

9.  Seating Solutions denies the allegations stated in paragraph "9" of the Complaint.

10.  Seating Solutions denies the allegations stated in paragraph "10" of the Complaint, except admits that Plaintiff forwarded contracts to Seating Solutions for its consideration.

11.  Seating Solutions denies the allegations stated in paragraph "11" of the Complaint.

12.  Seating Solutions denies the allegations stated in paragraph "12" of the Complaint, except states that it is without knowledge or information sufficient to form a belief as to actions allegedly taken by Plaintiff, and admits that it rendered no goods and provided no services to Plaintiff.

13.  Seating Solutions denies the allegations stated in paragraph "13" of the Complaint.

## COUNT I

14.  Seating Solutions repeats and realleges its responses to paragraphs "1" to "13" of the Complaint as though fully set forth herein.

15.  Seating Solutions denies the allegations stated in paragraph "15" of the Complaint, except admits that it rendered no goods and provided no services to Plaintiff.

16.  Seating Solutions denies the allegations stated in paragraph "16" of the Complaint, except admits that Plaintiff has made repeated demands and threats against Seating Solutions designed to induce Seating Solutions to enter into a contract with Plaintiff.

17.   Seating Solutions denies the allegations stated in paragraph "17" of the Complaint.

18.   Seating Solutions denies the allegations stated in paragraph "18" of the Complaint.

19.   Seating Solutions denies the allegations stated in paragraph "19" of the Complaint.

20.   Seating Solutions denies the allegations stated in paragraph "20" of the Complaint.

## COUNT II

21.   Seating Solution repeats and realleges its responses to paragraphs "1" to "20" of the Complaint as though fully set forth herein.

22.   Seating Solutions denies the allegations stated in paragraph "22" of the Complaint.

23.   Seating Solutions denies the allegations stated in paragraph "23" of the Complaint.

24.   Seating Solutions denies the allegations stated in paragraph "24" of the Complaint.

## COUNT III

25.   Seating Solutions repeats and realleges its responses to paragraphs "1" to "24" of the Complaint as though fully set forth herein.

26.   Seating Solutions denies the allegations stated in paragraph "26" of the Complaint.

27.   Seating Solutions denies the allegations stated in paragraph "27" of the

Complaint.

28. Seating Solutions denies the allegations stated in paragraph "28" of the Complaint.

## COUNT IV

29. Seating Solutions repeats and realleges its responses to paragraphs "1" to "28" of the Complaint as though fully set forth herein.

30. Seating Solutions notes that paragraph "30" of the Complaint states a legal conclusion to which no responsive pleading is required.

31. Seating Solutions denies the allegations stated in paragraph "31" of the Complaint.

32. Seating Solutions denies the allegations stated in paragraph "32" of the Complaint.

33. Seating Solutions denies the allegations stated in paragraph "33" of the Complaint.

34. Seating Solutions denies the allegations stated in paragraph "34" of the Complaint.

### GENERAL DENIAL AND RESPONSE

Seating Solutions generally denies each and every remaining allegation in the complaint that has not been previously admitted, denied, or answered. Seating Solutions specifically denies that Plaintiff is entitled to any of the relief it requests.

### First Affirmative Defense

Plaintiff is barred from recovery by failing to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred by the statute of frauds.

### Third Affirmative Defense

Plaintiff's claims are barred by its own failure to mitigate its damages.

### Fourth Affirmative Defense

Plaintiff's claims for breach of contract, breach of the covenant of good faith and fair dealing, promissory estoppel, and violation of Mass. Gen. Law ch. 93A are barred due to Plaintiff's failure to plead the essential elements of the same.

### Fifth Affirmative Defense

Plaintiff's claim under Mass. Gen. Law ch. 93A is barred because the actions and transactions referenced in the Complaint did not occur primarily and substantially in Massachusetts.

### Sixth Affirmative Defense

Plaintiff's claim under Mass. Gen. Law ch. 93A is barred because the alleged breach of a construction contract in and of itself is not sufficient to support liability under the statute.

### Seventh Affirmative Defense

To the extent that Plaintiff is claiming that Seating Solutions' breached a covenant of good faith and fair dealing, no such covenant applied in this case as there was no written agreement between the parties.

### Eighth Affirmative Defense

Plaintiff's claim for breach of contract and any claims based upon that claim are barred because, at most, the parties had an unenforceable "agreement to agree."

**WHEREFORE**, Seating Solutions demands judgment as follows:

    (a)    Dismissing the Complaint with prejudice;

    (b)    Awarding it its costs and expenses incurred in the defense of this action; and

(c)    Granting it such other and further relief as the Court deems just and proper.

Dated:   February 10, 2005

THE LAW OFFICE OF TERRY KLEIN

By: *[signature]*
Terry Klein, BBO# 652052
1558 Dorchester Avenue, Ste. 202
Dorchester, Massachusetts 02122
Telephone: (617) 825-8175
Facsimile: (617) 507-6454

- and -

FARRELL FRITZ, P.C.
EAB Plaza
West Tower - 14th Floor
Uniondale, New York 11556-0120
Telephone: (516) 227-0700
Facsimile: (516) 227-0777

*Co-Counsel for Defendant*

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorneys of record for each other party by first class mail on February 10, 2005.

*[signature]*
Terry Klein