| Civil DOCKET | DOCKET NUMBER 200450CV001550 | Trial Court of Massachusetts District Court Department |
|---|---|---|

**CASE NAME**
TLT CONSTRUCTION CORP  vs.  SEATING SOLUTIONS RI, INC

CURRENT COURT FILED CLERKS OFFICE
Malden District Court
89 Summer Street
Malden, MA 02148-2594  3: 40
(781) 322-7500

U.S. DISTRICT COURT
DISTRICT OF MASS

| ASSOCIATED DOCKET NO. | DATE FILED 12/29/2004 | DATE DISPOSED 00/00/0000 | |
|---|---|---|---|

**PLAINTIFF(S)**
P01  TLT CONSTRUCTION CORP

WAKEFIELD, MA 01880

**PLAINTIFF'S ATTORNEY**
PATRICK J. SULLIVAN
56 CHESTNUT HILL AVENUE
BRIGHTON, MA 02135
(617) 562-1000

**DEFENDANT(S)/OTHER SINGLE PARTIES**
D01  SEATING SOLUTIONS RI, INC

HAUPPAUGE, NY

**DEFENDANT'S ATTORNEY**
TERRY KLEIN
1558 DORCHESTER AVE., STE. 202
DORCHESTER, MA 02122
(617) 825-8175

| NO. | ENTRY DATE | DOCKET ENTRIES |
|---|---|---|
| 1 | 12/29/2004 | Complaint filed on 12/29/2004 at Malden District Court. |
| 2 | 12/29/2004 | Appearance for Tlt Construction Corp filed by Attorney PATRICK J. SULLIVAN 56 Chestnut Hill Avenue Brighton MA 02135 BBO# 548752 |
| 3 | 12/29/2004 | Filing fee of $180.00 and surcharge of $15.00 paid (G.L. c.262 §§ 2 & 4C). |
| 4 | 12/29/2004 | Statement of damages filed by P01 TLT CONSTRUCTION CORP (Dist./Mun.Cts.Supp.R.Civ.P. 102A). |
| 5 | 12/29/2004 | NOTICE OF POTENTIAL DISMISSAL UNDER MASS.R.CIV.P. 41(b)(1) potentially to be sent on 12/29/2007 04:00 PM. |
| 6 | 01/11/2005 | Return of service on complaint and summons to D01 SEATING SOLUTIONS RI, INC: Certified mail returned DELIVERED; signed receipt returned. |
| 7 | 01/11/2005 | Affidavit of PATRICK J. SULLIVAN in support of service filed. |

A TRUE COPY ATTEST

| Page 1 of 2 | A TRUE COPY, ATTEST: | CLERK-MAGISTRATE/ASST. CLERK  X | | DATE |
|---|---|---|---|---|

Date/Time Printed: 02/09/2005 03:12 PM

| DOCKET CONTINUATION | DOCKET NUMBER |
|---|---|
| | 200450CV001550 |

| NO. | ENTRY DATE | DOCKET ENTRIES |
|---|---|---|
| 8 | 02/07/2005 | notice of removal and associated documents filed in the United States District Court |
| 9 | 02/09/2005 | Appearance for Seating Solutions Ri, Inc filed by Attorney TERRY KLEIN 1558 Dorchester Ave., Ste. 202 Dorchester MA 02122 BBO# 652052 |

**A TRUE COPY**
**ATTEST**

| Page 2 of 2 | A TRUE COPY, ATTEST: | CLERK-MAGISTRATE/ASST. CLERK X | | DATE |
|---|---|---|---|---|

Date/Time Printed: 02/09/2005 03:12 PM

**HEAFITZ & SULLIVAN, LLP**
ATTORNEYS AT LAW
56 CHESTNUT HILL AVENUE
BOSTON, MASSACHUSETTS 02135
(617) 562-1000
FAX (617) 562-0069
www.hsconstructionlaw.com

HARVEY B. HEAFITZ
PATRICK J. SULLIVAN
———
JAMES G. GRILLO

(OF COUNSEL)
PETER B. WOLK

January 10, 2005

Civil Clerk's Office
Malden District Court
89 Summer Street
Malden, MA 02148

**Re:    TLT Construction Corp.**
**Vs:    Seating Solutions**
**Civil Action No. 0450CV1550**

Dear Sir or Madam,

Enclosed please find Affidavit of Counsel in Support of Service.

Kindly docket and file same accordingly.

Very truly yours,

Patrick J. Sullivan

PJS/jc

Enclosure

# A TRUE COPY
## ATTEST

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

MALDEN DISTRICT COURT
C.A. NO.

TLT CONSTRUCTION CORP.            )
    Plaintiff                 )
                              )
v.                                )
                              )
SEATING SOLUTIONS RI, INC.        )
    Defendants                )

## COUNSEL CERTIFICATION

I am attorney of record for: TLT Construction Corp.

__XX__ **Plaintiff**    ___ **Defendant**    ___ **Other** (*specify*)_____ in the above captioned action.

In accordance with Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) which states in part "...Attorneys shall provide their clients with this information about court-connected dispute resolution services; discuss with their clients the advantages and disadvantages of the various methods of dispute resolution; and certify their compliance with this requirement on the civil action cover sheet or its equivalent...,"
I hereby certify that I have complied with this requirement.

Dated: 12·27·04

Patrick J. Sullivan, Esq., BBO# 548752

## A TRUE COPY
## ATTEST

MASSACHUSETTS TRIAL COURT
DISTRICT COURT DEPARTMENT

Malden Division

TLT CONSTRUCTION CORP.
        Plaintiff

v.

SEATING SOLUTIONS RI, INC.
        Defendants

## STATEMENT OF DAMAGES

{X} Plaintiff { } Defendant { } Other (specify) _____ in the above-captioned action, hereby asserts that the money damages sought by means of the {X} Complaint { } Crossclaim { } Counterclaim to which this statement of damages is attached, amount to $ 250,000

Signed: _____
        Patrick J. Sullivan, Esq., BBO# 548752

Date: 1/27/04

A TRUE COPY
ATTEST

WHEREFORE the Plaintiff, TLT Construction Corp. demands judgment against the Defendant, Seating Solutions in an amount to be determined at trial, plus treble damages, treble interest, costs, attorney's fees, and such other relief as this Court may deem appropriate.

TLT CONSTRUCTION CORP.,
By its Attorney,

Dated: 17/28/04

Patrick J. Sullivan, Esq., BBO# 548752
HEAFITZ & SULLIVAN
56 Chestnut Hill Avenue
Boston, MA 02135
(617) 562-1000

A TRUE COPY
ATTEST

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

MALDEN DISTRICT COURT
C.A. NO.   $OY-153U$

TLT CONSTRUCTION CORP.                    )
      Plaintiff                              )
                                )
                                )
v.                                        )
                                )
SEATING SOLUTIONS RI, INC.                )
      Defendants                             )
                                )

## COUNSEL CERTIFICATION

I am attorney of record for: <u>TLT Construction Corp.</u>

  <u>**XX** Plaintiff</u>        **__ Defendant**     **__ Other (*specify*)_____ in the above**
**captioned action.**

In accordance with Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution
(SJC Rule 1:18) which states in part "…Attorneys shall: provide their clients with this
information about court-connected dispute resolution services; discuss with their clients the
advantages and disadvantages of the various methods of dispute resolution; and certify their
compliance with this requirement on the civil action cover sheet or its equivalent…,"
I hereby certify that I have complied with this requirement.

Dated: <u>12 · 27 ·04</u>

Patrick J. Sullivan, Esq., BBO# 548752

# A TRUE COPY
# ATTEST

MASSACHUSETTS TRIAL COURT
DISTRICT COURT DEPARTMENT

Malden Division          O4-1550

TLT CONSTRUCTION CORP.
    Plaintiff

v.

SEATING SOLUTIONS RI, INC.
    Defendants

## STATEMENT OF DAMAGES

{X} Plaintiff {  } Defendant {  } Other (specify) _____ in the above-captioned action, hereby asserts that the money damages sought by means of the {X} Complaint {  } Crossclaim  {  } Counterclaim to which this statement of damages is attached, amount to $ 250,000 ― _____ .

Signed: _____
      Patrick J. Sullivan, Esq., BBO# 548752

Date: 12|27|04

**A TRUE COPY
ATTEST**

WHEREFORE the Plaintiff, TLT Construction Corp. demands judgment against the Defendant, Seating Solutions in an amount to be determined at trial, plus treble damages, treble interest, costs, attorney's fees, and such other relief as this Court may deem appropriate.

TLT CONSTRUCTION CORP.,
By its Attorney,

Dated: 12|28|04

Patrick J. Sullivan, Esq., BBO# 548752
HEAFITZ & SULLIVAN
56 Chestnut Hill Avenue
Boston, MA 02135
(617) 562-1000

**A TRUE COPY
ATTEST**

26.    Seating Solutions is in breach based on its bids to TLT, which TLT subsequently elected to exercise.

27.    Seating Solutions is obliged to TLT based on the doctrine of promissory estoppel.

28.    TLT has been damaged as a consequence of the matters as complained of herein and is entitled to be made whole.

WHEREFORE the Plaintiff, TLT Construction Corp. demands judgment against the Defendant, Seating Solutions in an amount to be determined at trial, plus treble damages, treble interest, costs, attorney's fees, and such other relief as this Court may deem appropriate.

## COUNT IV

29.    TLT Construction Corp. hereby incorporates paragraphs numbered 1 through 28 above herein.

30.    All parties hereto are engaged in trade or commerce as per the terms of M.G.L. c. 93A.

31.    There is no legitimate good faith dispute as would tend to support or justify the conduct of Seating Solutions.

32.    The failure to perform without legitimate justification and the forcing of litigation to collect on account of same is a violation of M.G.L. c. 93A, §11.

33.    TLT has been dealt with in an unfair and deceptive manner to induce it to finance Seating Solutions' obligations on the Project without Seating Solutions or its surety making proper payment in regard thereto.

34.    TLT is entitled to an award of treble damages together with counsel fees as per M.G.L. c. 93A.

A TRUE COPY
ATTEST

20.    As this matter involves an ongoing situation TLT is unable to calculate the full totality of its damages at this time and will require further opportunity to review its financial accounting as well as related construction records and hereby reserves to supplement as appropriate.

WHEREFORE the Plaintiff, TLT Construction Corp. demands judgment against the Defendant, Seating Solutions in an amount to be determined at trial, plus interest, costs, attorney's fees, and such other relief as this Court may deem appropriate.

## COUNT II

21.    TLT Construction Corp. hereby incorporates paragraphs numbered 1 through 20 above herein.

22.    TLT detrimentally relied in good faith on the acts and conduct of Seating Solutions.

23.    Seating Solutions is in breach of its obligations to TLT as complained of herein.

24.    TLT has been damaged as a consequence of the matters complained of herein and is entitled to be made whole for and on account thereof.

WHEREFORE the Plaintiff, TLT Construction Corp. demands judgment against the Defendant, Seating Solutions in an amount to be determined at trial, plus treble damages, treble interest, costs, attorney's fees, and such other relief as this Court may deem appropriate.

## COUNT III

25.    TLT Construction Corp. hereby incorporates paragraphs numbered 1 through 24 above herein.

A TRUE COPY
ATTEST

3

8.      TLT was the lowest responsible and eligible bidder and has entered in a general contract with the awarding authority for the Projects.

9.      TLT notified Seating Solutions that it intended to proceed as per the bids provided by Seating Solutions and relied upon in good faith by TLT.

10.     TLT provided confirmation of acceptance of the bids and forwarded confirming contract forms for Seating Solutions to execute.

11.     Seating Solutions endorsed the confirming contract forms and returned same to TLT so as to confirm offer, acceptance and formation of a binding contract between the parties.

12.     Seating Solutions failed, refused and neglected to proceed in furtherance of the subcontracts and as a consequence TLT has been put in the position of having to hire successors.

13.     TLT has been damaged in respect to the matters as complained of herein and is entitled to be made whole for and on account thereof.

## COUNT I

14.     TLT Construction Corp. hereby incorporates paragraphs numbered 1 through 13 above herein.

15.     Seating Solutions failed, refused and neglected to satisfy its obligations to TLT in a good, workmanlike and timely manner by proceeding in furtherance of the project.

16.     TLT has made repeated demand for performance by Seating Solutions.

17.     Seating Solutions has failed, refused and neglected to provide TLT with legitimate grounds in support and justification of continued nonperformance.

18.     TLT has been damaged as a consequence of the matters, which are the subject of this complaint.

19.     TLT is entitled to be made whole for and on account thereof.

**A TRUE COPY
ATTEST**

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                               MALDEN DISTRICT COURT
                                            C.A. NO.    04- 1550

```
                                    )
TLT CONSTRUCTION CORP.              )
        Plaintiff                   )
                                    )
v.                                  )
                                    )
SEATING SOLUTIONS RI, INC.          )
        Defendants                  )
                                    )
```

## COMPLAINT

1.      TLT Construction Corp. (hereinafter "TLT") is a corporation organized and

existing under the laws of the Commonwealth of Massachusetts with a regular place of business

in Wakefield, Middlesex County, Massachusetts.

2.      Seating Solutions RI, Inc. (hereinafter "Seating Solutions") is a foreign

corporation with a regular place of business in Hauppauge, New York.

3.      This matter arises from two public construction projects known and referred to as

the Wachusett Regional High School, Wachusett, Massachusetts and Reading High School,

Reading, Massachusetts (hereinafter "Projects").

4.      Seating Solutions provided bids to TLT as general contractor to supply and install

certain goods and materials at the Projects.

5.      Seating Solutions knew or should have known that its bids were reasonably likely

to induce action on behalf of TLT.

6.      Seating Solutions' bids did induce action on behalf of TLT.

7.      TLT relied in good faith on the Seating Solutions bids.

**A TRUE COPY
ATTEST**

1



U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| Postage | $ | |
|---|---|---|
| Certified Fee | | |
| Return Reciept Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & | | |

Sent To    Seating Solutions RI, Inc.
           63 Oser Avenue
Street, Apt. No.;  Hauppauge, NY 11788
or PO Box No.
City, State, ZIP+4

7004 1350 0001 3268 7081



SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Article Addressed to:

Seating Solutions RI, Inc.
63 Oser Avenue
Hauppauge, NY 11788

COMPLETE THIS SECTION ON DELIVERY

7004 1350 0001 3268 7081



A TRUE COPY
ATTEST

# Commonwealth of Massachusetts
## District Courts of Massachusetts

Middlesex_____ , ss

}

Civil Action No. _0450CV1550_

### SUMMONS

(Rule 4)

To defendant **Seating Solutions RI, Inc**, **Hauppauge, NY**
_____(name)_____(address)_____

You are hereby summoned and required to serve upon **Patrick J. Sullivan** , plaintiff's attorney), whose address is **36 Chestnut Ave. Boston, MA 02135** , a copy of your answer to the complaint which is herewith served upon you, within 20 days after service of this summons, exclusive of the day of service. You are also required to file your answer to the complaint in the office of the Clerk of this court either before service upon plaintiff('s attorney), or within 5 days thereafter. If you fail to meet the above requirements, judgment by default may be rendered against you for the relief demand in the complaint. You need not appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will be barred from making such claim in any other action.

WITNESS _____ , Presiding Justice, on **January 4, 2005**
(date)

(SEAL)

Note: (1) When more than one defendant is involved, the name of all defendants should appear in the action. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

(2) The number assigned to the complaint by the Clerk at commencement of the action should be affixed to this summons before it is served.

### RETURN OF SERVICE

On _____ I served a copy of the within summons, together with a copy of the
  (date of service)
complaint in this action, upon the within named defendant, in the following manner (see Rule 4 (d) (1-5)):

_____
(signature)

_____
(name and title)

_____
(address)

Note: (1) The person serving the process shall make proof of service thereof in writing to the court and to the party or his attorney, as the case may be, who has requested such service. Proof of service shall be made promptly and in any event within the same time during which the person served must respond to the process. Rule 4(f).

(2) Please place date you make service on defendant in the box on the copy served on the defendant, on the original returned to the court and on the copy returned to the person requesting service or his attorney.

(3) If such service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent. (G.L. c. 223, sec. 31).

A TRUE COPY
ATTEST

This form prescribed by the Chief Justice of the District Courts

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                .        MALDEN DISTRICT COURT
                                         C.A. NO. 0450CV1550

|  |  |
|---|---|
| TLT CONSTRUCTION CORP.<br>    Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| SEATING SOLUTIONS RI, INC.<br>    Defendants | )<br>)<br>) |

## AFFIDAVIT OF COUNSEL IN SUPPORT OF SERVICE

I, Patrick J. Sullivan, having been duly sworn do hereby aver as follows:

1.      I am an attorney in good standing, licensed to practice before the Supreme Judicial Court of the Commonwealth of Massachusetts and I am familiar with the facts of this case.

2.      I am a Partner at the Law Firm of Heafitz & Sullivan, and am licensed to practice Law in the Commonwealth of Massachusetts and I am counsel for the Plaintiff, TLT Construction Corp.

3.      On or about December 28, 2004 on behalf of the Plaintiff, TLT Construction Corp., I filed the Complaint initiating this action.

4.      On January 4, 2005 on behalf of the Plaintiff, TLT Construction Corp., and in accord with M.G.L. Chapter 223A, §6, I served the Defendant, Seating Solutions RI, Inc. by Certified Mail, Return Receipt Requested with the original Summons, Complaint, Statement of Damages and Counsel Certification. A copy of the Summons is attached hereto as Exhibit "A".

5.      I received a signed return receipt, identified as 7004 1350 0001 3268 7081, evidencing certified service upon Seating Solutions RI, Inc. on January 10, 2005 of the documents described in paragraphs in paragraph 3. The signed receipt is attached hereto as Exhibit "B".

SIGNED under the pains and penalties of perjury this __10__ day of January, 2005.

                                           Patrick J. Sullivan, Esq.
                                           HEAFITZ & SULLIVAN

**A TRUE COPY
ATTEST**

1

26.    Seating Solutions is in breach based on its bids to TLT, which TLT subsequently elected to exercise.

27.    Seating Solutions is obliged to TLT based on the doctrine of promissory estoppel.

28.    TLT has been damaged as a consequence of the matters as complained of herein and is entitled to be made whole.

WHEREFORE the Plaintiff, TLT Construction Corp. demands judgment against the Defendant, Seating Solutions in an amount to be determined at trial, plus treble damages, treble interest, costs, attorney's fees, and such other relief as this Court may deem appropriate.

## COUNT IV

29.    TLT Construction Corp. hereby incorporates paragraphs numbered 1 through 28 above herein.

30.    All parties hereto are engaged in trade or commerce as per the terms of M.G.L. c. 93A.

31.    There is no legitimate good faith dispute as would tend to support or justify the conduct of Seating Solutions.

32.    The failure to perform without legitimate justification and the forcing of litigation to collect on account of same is in violation of M.G.L. c. 93A, §11.

33.    TLT has been dealt with in an unfair and deceptive manner to induce it to finance Seating Solutions' obligations on the Project without Seating Solutions or its surety making proper payment in regard thereto.

34.    TLT is entitled to an award of treble damages together with counsel fees as per M.G.L. c. 93A.

A TRUE COPY
ATTEST                                    4

20.    As this matter involves an ongoing situation TLT is unable to calculate the full totality of its damages at this time and will require further opportunity to review its financial accounting as well as related construction records and hereby reserves to supplement as appropriate.

WHEREFORE the Plaintiff, TLT Construction Corp. demands judgment against the Defendant, Seating Solutions in an amount to be determined at trial, plus interest, costs, attorney's fees, and such other relief as this Court may deem appropriate.

## COUNT II

21.    TLT Construction Corp. hereby incorporates paragraphs numbered 1 through 20 above herein.

22.    TLT detrimentally relied in good faith on the acts and conduct of Seating Solutions.

23.    Seating Solutions is in breach of its obligations to TLT as complained of herein.

24.    TLT has been damaged as a consequence of the matters complained of herein and is entitled to be made whole for and on account thereof.

WHEREFORE the Plaintiff, TLT Construction Corp. demands judgment against the Defendant, Seating Solutions in an amount to be determined at trial, plus treble damages, treble interest, costs, attorney's fees, and such other relief as this Court may deem appropriate.

## COUNT III

25.    TLT Construction Corp. hereby incorporates paragraphs numbered 1 through 24 above herein.

A TRUE COPY
ATTEST

8.     TLT was the lowest responsible and eligible bidder and has entered in a general contract with the awarding authority for the Projects.

9.     TLT notified Seating Solutions that it intended to proceed as per the bids provided by Seating Solutions and relied upon in good faith by TLT.

10.     TLT provided confirmation of acceptance of the bids and forwarded confirming contract forms for Seating Solutions to execute.

11.     Seating Solutions endorsed the confirming contract forms and returned same to TLT so as to confirm offer, acceptance and formation of a binding contract between the parties.

12.     Seating Solutions failed, refused and neglected to proceed in furtherance of the subcontracts and as a consequence TLT has been put in the position of having to hire successors.

13.     TLT has been damaged in respect to the matters as complained of herein and is entitled to be made whole for and on account thereof.

## COUNT I

14.     TLT Construction Corp. hereby incorporates paragraphs numbered 1 through 13 above herein.

15.     Seating Solutions failed, refused and neglected to satisfy its obligations to TLT in a good, workmanlike and timely manner by proceeding in furtherance of the project.

16.     TLT has made repeated demand for performance by Seating Solutions.

17.     Seating Solutions has failed, refused and neglected to provide TLT with legitimate grounds in support and justification of continued nonperformance.

18.     TLT has been damaged as a consequence of the matters, which are the subject of this complaint.

19.     TLT is entitled to be made whole for and on account thereof.

A TRUE COPY
ATTEST

2

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

MALDEN DISTRICT COURT
C.A. NO.

TLT CONSTRUCTION CORP )
    Plaintiff )
    )
v. )
    )
SEATING SOLUTIONS RI, INC., )
    Defendants )

## COMPLAINT

1.    TLT Construction Corp. (hereinafter "TLT") is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with a regular place of business in Wakefield, Middlesex County, Massachusetts.

2.    Seating Solutions RI, Inc. (hereinafter "Seating Solutions") is a foreign corporation with a regular place of business in Hauppauge, New York.

3.    This matter arises from two public construction projects known and referred to as the Wachusett Regional High School, Wachusett, Massachusetts and Reading High School, Reading, Massachusetts (hereinafter "Projects").

4.    Seating Solutions provided bids to TLT as general contractor to supply and install certain goods and materials at the Projects.

5.    Seating Solutions knew or should have known that its bids were reasonably likely to induce action on behalf of TLT.

6.    Seating Solutions' bids did induce action on behalf of TLT.

7.    TLT relied in good faith on the Seating Solutions bids.

A TRUE COPY
ATTEST

1

Uniform Form DCM
Summons

# Commonwealth of Massachusetts
## District Courts of Massachusetts

Middlesex _____ , ss

}

Civil Action No. __0450CV1550__

## SUMMONS
### (Rule 4)

To defendant __Seating Solutions RI, Inc.,__  __Hauppauge, NY__
                    (name)                              (address)

You are hereby summoned and required to serve upon __Patrick J. Sullivan__ , plaintiff's attorney), whose address is __E__ __Chestnut Hill Ave.__ __ston, MA 02135__ , a copy of your answer to the complaint which is herewith served upon you, within 20 days after service of this summons, exclusive of the day of service. You are also required to file your answer to the complaint in the office of the Clerk of this court either before service upon plaintiff('s attorney), or within 5 days thereafter. If you fail to meet the above requirements, judgment by default may be rendered against you for the relief demand in the complaint. You need not appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will be barred from making such claim in any other action.

WITNESS _____ , Presiding Justice, on __January 4, 2005__
                                                                   (date)

(SEAL)

_____
(date)

Note: (1) When more than one defendant is involved, the name of all defendants should appear in the action. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

(2) The number assigned to the complaint by the Clerk at commencement of the action should be affixed to this summons before it is served.

### RETURN OF SERVICE

On _____ I served a copy of the within summons, together with a copy of the
    (date of service)
complaint in this action, upon the within named defendant, in the following manner (see Rule 4 (d) (1-5)):

_____
(signature)

_____
(name and title)

_____
(address)

Note: (1) The person serving the process shall make proof of service thereof in writing to the court and to the party or his attorney, as the case may be, who has requested such service. Proof of service shall be made promptly and in any event within the same time during which the person served must respond to the process. Rule 4(f).

(2) Please place date you make service on defendant in the box on the copy served on the defendant, on the original returned to the court and on the copy returned to the person requesting service or his attorney.

(3) If such service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent. (G.L. c. 223, sec. 31).

**A TRUE COPY**
**ATTEST**

Dated:  February 3, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorneys of record for each other party by land on February 3, 2005.

Terry Klein

**A TRUE COPY
ATTEST**

4.    Seating Solutions is a corporation organized under the laws of New York, with a principal place of business in Hauppauge, New York.

5.    This Notice is timely under 28 U.S.C. § 1446(b), as Seating Solutions first received a copy of the Summons and Complaint in said action on or after January 7, 2005.

7.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders received by Seating Solutions are attached hereto as *Exhibit A.*

8.    Pursuant to 28 U.S.C. § 1446(d), copies of this Notice are being served on counsel to plaintiff and filed in the Malden District Court on this date.

9.    Seating Solutions consents to removal of this action to the United States District Court for the District of Massachusetts, while reserving all rights to assert any and all defenses, including without limitation lack of personal jurisdiction and sufficiency of service.

10.    Pursuant to Local Rule 81.1(a), Seating Solutions shall request from the Clerk of the Malden District Court certified or attested copies of all records and proceedings in the state court and certified or attested copies of all docket entries therein, and shall file the same with this Court within thirty days of the filing of this Notice.

WHEREFORE, the defendant prays that the above action now pending in the District Court of the Commonwealth of Massachusetts, Middlesex County, Malden Division be removed therefrom to this Court.

Respectfully submitted,

RI INC. d/b/a SEATING SOLUTIONS

By its attorney,

THE LAW OFFICE OF TERRY KLEIN
Terry Klein, BBO# 652052
1558 Dorchester Avenue, Ste. 202
Dorchester, Massachusetts 02122
Telephone: (617) 825-8175
Facsimile: (617) 507-6454

**A TRUE COPY
ATTEST**

UNITED STATES DISTRICT COURT    FILED
DISTRICT OF MASSACHUSETTS IN CLERKS OFFICE

2005 FEB -3 P 4: 07

TLT CONSTRUCTION CORP.,

      Plaintiff,

v.

SEATING SOLUTIONS RI, INC.,

      Defendant.

05 10223

CIVIL ACTION

## NOTICE OF REMOVAL

To: The Honorable Judges of the
United States District Court for the
District of Massachusetts

This Notice of RI Inc., d/b/a Seating Solutions ("Seating Solutions"), respectfully shows the following:

    1.    Seating Solutions is the defendant in a civil action brought in the District Court of Massachusetts, Middlesex County, Malden Division, styled *TLT Construction Corp. v. Seating Solutions RI, Inc.* No. 04-50-CV-1550.

    2.    The above-described action is an action of which this Court has jurisdiction and is removable under the provisions of Title 28, United States Code §§ 1332 and 1441(a) and (b), in that it is a civil action between citizens of different states, as more fully appears herein and in the Complaint, and, as reflected in the Civil Action Cover Sheet, the amount in controversy exceeds $75,000.

    3.    Upon information and belief, based on the allegations of the Complaint, plaintiff, TLT Construction Corp., was at the time this action was commenced, and still is, a corporation organized under the laws of the Commonwealth of Massachusetts, with a principal place of business in Wakefield, Massachusetts.

A TRUE COPY
ATTEST

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)  TLT Construction Corp. v. Seating Solutions RI, Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

[ ]  I.  160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

[ ]  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

[✓]  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

[ ]  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

[ ]  V.  150, 152, 153.

223 DPW

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

YES [ ]    NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

YES [ ]    NO [✓]

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

YES [ ]    NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

YES [ ]    NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

YES [✓]    NO [ ]

A.  If yes, in which division do all of the non-governmental parties reside?

Eastern Division [✓]    Central Division [ ]    Western Division [ ]

B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

YES [ ]    NO [✓]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  Terry Klein, BBO# 652052

ADDRESS  1558 Dorchester Avenue, Ste. 202, Dorchester, MA 02122

TELEPHONE NO.  (617) 825-8175

(Coversheetlocal.wpd - 10/17/02)

A TRUE COPY
ATTEST

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

## DEFENDANTS  IN CLERKS OFFICE

2005 FEB -3  P 4: 07

**(b)** County of Residence of First Listed Plaintiff  **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **Suffolk, New York**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

05 10223

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Heafitz & Sullivan, 56 Chesnut Hill Avenue, Boston, MA 02135 (617)
562-1000

Attorneys (If Known)
Law Office of Terry Klein, 1558 Dorchester Ave., Ste. 202,
Dorchester, MA 02122 (617) 825-8175

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original
Proceeding

☒ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. s. 1332
Brief description of cause:
Breach of construction contract.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $
250,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE

DOCKET NUMBER

DATE
02/03/2005

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #

AMOUNT

APPLYING IFP

JUDGE

MAG. JUDGE

A TRUE COPY
ATTEST

# Law Office of Terry Klein

1558 Dorchester Avenue, Suite 202
Dorchester, Massachusetts 02122
Tel: 617.825.0170
Fax: 617.507.6454
tklein@lawtk.com

February 3, 2005

<u>BY HAND</u>

Civil Clerk's Office
United States District Court
  for the District of Massachusetts
United States Courthouse
One Courthouse Way
Boston, Massachusetts 02110

**Re:    TLT Construction Corp. v. Seating Solutions RI, Inc.**

Dear Sir or Madam:

Enclosed for filing in connection with the above-referenced matter please find the following documents:

1.    Civil Action Cover Sheet;
2.    Civil Action Category Sheet;
3.    Notice of Removal; and
4.    Filing fee of $150.00.

Please file stamp the enclosed copy and return it to the messenger.

Thank you for your assistance with this matter.

Very truly yours,

Terry Klein

Enclosures

cc:    Malden District Court (by hand)
       Patrick J. Sullivan, Esq. (by hand)
       *(each w/ enclosures) (each by hand)*

A TRUE COPY
ATTEST

www.lawtk.com

# Law Office of Terry Klein

1558 Dorchester Avenue, Suite 202
Dorchester, Massachusetts  02122
Tel: 617.825.8175
Fax: 617.507.6454
tklein@lawtk.com

February 4, 2005

<u>BY HAND</u>

Civil Clerk's Office
Malden District Court
89 Summer Street
Malden, MA  02148

**Re:    TLT Construction Corp. v. Seating Solutions RI, Inc.
No. 04-50-CV-1550**

Dear Sir or Madam:

Enclosed for filing in connection with the above-referenced matter please a Notice of Removal
and associated documents filed yesterday in the United States District Court for the District of
Massachusetts.

Please file stamp the enclosed copy of this letter and return it to the messenger.

Thank you for your assistance with this matter.

Very truly yours,

Terry Klein

Enclosures

cc:    Malden District Court *(by hand) (w/ enclosures)*
       Patrick J. Sullivan, Esq. *(by hand) (w/o enclosures)*

# A TRUE COPY ATTEST

www.lawtk.com