UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TLT CONSTRUCTION CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | NO. 05-10223-LTS |
| SEATING SOLUTIONS RI, INC., ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

The Plaintiff, TLT Construction Corp. (hereinafter "TLT"), requests that the Court deny the motion of the Defendant, RI, Inc., d/b/a Seating Solutions (hereinafter "Seating"), for summary judgment, and grant TLT's cross-motion for summary judgment as a contract was formed between the Parties, and Seating, in bad faith and in breach of the contract, repeatedly attempted to increase the price of the contract, refused to perform, and ultimately sought to unfairly leverage TLT, all in violation of M.G.L. chapter 93A.

In July 2004, the Parties agreed that Seating would supply and install stadium seating systems on two public construction projects (hereinafter collectively the "Projects"), known as the renovation of the Wachusett Regional High School in Holden, Massachusetts (hereinafter "Wachusett") and the renovation of the Reading High School in Reading, Massachusetts (hereinafter "Reading"). TLT was the general contractor on the Projects, and, following Seating's submittal of price quotes and some negotiation between the Parties, contracted with Seating for the work. After Seating signed contracts on the Projects, it refused to perform as

agreed, repeatedly attempted to change the contract terms, and conjured up issues where none existed in an attempt to avoid its obligations.

The issues raised by Seating concerning union labor, insurance, and bonding are "red herrings." There was never any dispute to the union labor issue, as TLT specifically agreed to waive the union labor provisions, agreed that Seating would provide its own labor at prevailing wage rates, and did not attempt to force Seating to use union labor after signing of the contract. Also, by the terms of the contracts, bonding was considered an extra, which TLT agreed to pay, and which Seating acknowledged it would provide. The Parties also agreed that Seating would provide insurance at their own rates. The only issue with regard to insurance occurred when Seating failed to submit certificates of insurance as agreed in a timely fashion, and ultimately produced certificates in the name of another company and which otherwise were not in conformity with what Seating had agreed to provide.

Any problems that had to be resolved after execution of the contract occurred because Seating continued to manufacture issues in an effort to wrongfully force further monetary concessions on the part of TLT. In essence, Seating stalled, delayed, and requested increases in the contract price on numerous occasions. Further, to the extent that Seating believed it had just cause to seek an increase, it refused to use the customary and contractually required mechanism for submittal of change orders on public construction projects. Ultimately, Seating refused to perform their contracts, and TLT was forced to purchase the goods and services from a competitor at a higher rate than that at which Seating had contracted to perform the work, but at a lower rate than Seating was demanding as a condition precedent to honoring the contracts that it signed.

Wherefore, Plaintiff, TLT Construction Corp., respectfully requests that the Court deny Defendant's motion for summary judgment and grant Plaintiff's motion for summary judgment on Counts I and IV. TLT is entitled to $34,160 in damages for breach of contract, plus multiple damages and legal fees at the discretion of the court per the mandate of M.G.L. c. 93A.

TLT CONSTRUCTION CORP.,
By its Attorneys,

Dated: 7/22/5

Patrick J. Sullivan, Esq., BBO# 548752
James G. Grillo, Esq., BBO# 638730
HEAFITZ & SULLIVAN
56 Chestnut Hill Avenue
Boston, MA 02135
(617) 562-1000