UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TLT CONSTRUCTION CORP., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SEATING SOLUTIONS RI, INC., ) <br> ) <br> Defendant. ) <br> _____ ) | CIVIL ACTION <br> NO. 05-10223-LTS |

## PLAINTIFF'S RESPONSE TO PROPOSED JOINT STATEMENT OF MATERIAL FACTS

TLT Construction Corp. ("TLT") hereby submits this response to the Proposed Joint Statement of Material Facts submitted on July 1, 2005 by RI, Inc., d/b/a Seating Solutions ("Seating"), sued herein as "Seating Solutions RI, Inc.":

### A. The Parties and the Projects

1. Agreed

2. Agreed

3. Agreed

### B. TLT Bids on the Projects

4. Agreed

5. Agreed

6. Agreed

7. Agreed

8. Agreed

9. Agreed

## C. Seating Submits Quotes and the Parties Negotiate

10. Denied as phrased. TLT proposes to amend this fact to the following:

On April 5, 2004, Seating, representing that it "ha[d] worked closely with this architect and ha[d] helped them design this bleacher from the very first steps," sent a quote to TLT for the Reading project that was $396,548.87, or $425,120.30 with a fully closed welded deck. A true copy of the quote is attached hereto as *Exhibit 1*.[1] Seating sent similar quotes to J&J Contractors, Inc., Peabody Construction Co., the Morganti Group, Inc., and Eastern Contractors, Inc. TLT has no present knowledge of whether Seating sent quotes to any other contractors.

11. Agreed

12. Agreed

13. Agreed

14. Agreed

15. Denied as phrased. TLT proposes to amend this fact by changing "*May 19*" to "*May 21*" as per *Exhibit 4* (the "Friday" referenced in the letter was May 21, not May 19).

16. Agreed

17. Agreed

18. Agreed

19. Agreed

20. Agreed

21. Agreed

22. Agreed

23. Agreed

---

[1] *Exhibits 1-38* are attached to Defendant's Proposed Joint Statement of Facts, dated July 1, 2005; *Exhibits 15A, 16A, 16B, and 39-41* are attached to Plaintiff's Response to Proposed Joint Statement of Facts, dated July 22, 2005.

24. Agreed

25. Agreed

26. Agreed

27. Agreed

28. Agreed

29. Agreed

30. Denied as phrased. TLT proposes to amend this fact by adding at the end of the second line, "*and stated that their factory would provide a bond with the cost passed on to TLT as an add-on to the contract.*" A true copy of this letter is attached hereto as *Exhibit 16B*.

31. Denied as phrased. TLT proposes to amend this fact by changing "*TLT sent a new draft contract*" to "*TLT, at the request of Seating, sent a clean version of the contract*" See Affidavit of Thomas V. Kostinden, ¶ 5.

32. Agreed

33. Agreed

34. Agreed

35. Agreed

36. Agreed

37. Denied as phrased. TLT proposes to amend this fact by changing "*offered*" to "*contract*" as the contract had previously been signed. *Exhibits 15 & 16*.

38. Denied as phrased. TLT proposes to amend this fact by adding after "*order*" the phrase "*as per the contract documents*" See *Exhibits 15, 15A (Reading General Conditions §§ 3.2.1, 3.2.4, 4.3.7, 5.3.1, 7.1.1, 7.2.1), 16 & 16A (Wachusett General Conditions §§ 4.4.1, 5.3.1, 7.2.1, 7.2.2.2)*.

39. Agreed

40. Agreed

41. Agreed

42. Agreed

43. Denied because the contract had been settled in early July. See *Exhibits 15 & 16, 16B & 20*, and Affidavit of Thomas V. Kostinden, ¶¶ 3, 4, 6, 7, 8 & 13.

44. Agreed

45. Agreed

46. Agreed

47. Agreed

48. Agreed

49. Agreed

50. Agreed

51. Agreed

52. Agreed

53. Agreed

54. Agreed

55. Agreed

56. Agreed

57. Denied as phrased. TLT proposes to amend this fact by changing "*$316,800*" to "*$514,160*" and changing "*Reading Project*" to "*Reading and Wachusett Projects*" See Gallivan Co. subcontracts, dated February 2, 2005, true copies of which are attached hereto as *Exhibits 40 & 41*.

**Additional Facts Proposed**:

28a.   Seating agreed, in Article 4, subsection 1 of both the Reading and Wachusett contracts, "to be bound to [TLT] by the terms of the Agreement, General Conditions, Drawings, Specifications, Alternates and Addenda, and to assume toward [TLT] all the obligations and responsibilities that [TLT], by those documents, assumes toward the Owner." True copies of the General Conditions for Reading and Wachusett are attached hereto as *Exhibits 15A and 16A*, respectively.

30a.   TLT did not require that Seating use union labor. Affidavit of Thomas V. Kostinden, ¶ 6.

30b.   Seating asked TLT to forward clean versions of the forms to Seating to replace the forms executed by Seating with handwritten mark-ups. Affidavit of Thomas V. Kostinden, ¶ 5.

34a.   The contracts, under Article 4(1), specifically incorporate by reference the General Conditions of TLT's general contracts with the respective owners. *Exhibits 15 & 16*, Affidavit of Thomas V. Kostinden, ¶ 9.

34b.   Seating never sought to avail itself of the change order provisions of the contract documents. *See* Exhibits 15, 15A (Reading General Conditions §§ 3.2.1, 3.2.4, 4.3.4, 5.3.1, 7.1.1, 7.2.1), 16 & 16A (Wachusett General Conditions §§ 3.2.1, 3.2.2, 4.3.3, 5.3.1, 7.2.1, 7.2.2.2), 19, 21, 22 & 23; Affidavit of Thomas V. Kostinden, ¶¶ 16, 21.

35a.   Bonding was an extra to the contract, Seating specifically agreed to provide bonding, and TLT agreed to pay for the bonds provided by Seating. Affidavit of Thomas V. Kostinden, ¶¶ 7, 13; Exhibits 16B & 20.

38a. Seating specifically mentioned the use of an I-beam in their original quote to TLT on the Reading Project. Exhibits 1 & 21, Affidavit of Thomas V. Kostinden, ¶ 16.

38b. The use of an I-beam is part of the contract. Exhibits 1, 4 & 23; Affidavit of Thomas V. Kostinden, ¶ 17.

39a. Seating did not, at any time, submit certificates of insurance in their own name. Affidavit of Thomas V. Kostinden, ¶¶ 11-12, Exhibit 20.

56a. Seating sent a letter on January 27, 2005, informing TLT that they would only perform the job for a total of $580,000, $100,000 more than the agreement had called for, and that "this is the best pricing you will see from someone who will complete a quality job." A true copy of the letter is attached hereto as *Exhibit 39*.

58. TLT was under a time constraint to complete its work under the respective general contracts. Affidavit of Thomas V. Kostinden, ¶ 22.

Dated: 7/22/5

TLT CONSTRUCTION CORP.,
By its Attorneys,

Patrick J. Sullivan, Esq., BBO# 548752
James G. Grillo, Esq., BBO# 638730
HEAFITZ & SULLIVAN
56 Chestnut Hill Avenue
Boston, MA 02135
(617) 562-1000