UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TLT CONSTRUCTION CORP., <br><br> Plaintiff, <br><br> v. <br><br> SEATING SOLUTIONS RI, INC., <br><br> Defendant. | CIVIL ACTION <br> NO. 05-10223-LTS |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED ADDITIONAL
MATERIAL FACTS**

RI, Inc., d/b/a Seating Solutions ("Seating Solutions" or "Seating"), responds to the proposed additional facts of the plaintiff, TLT Construction Corp. ("TLT" or "Plaintiff"), as follows:

10. Agreed.

15. Agreed.

28a. Denied as phrased. Seating would have been bound by the referenced terms if Seating and TLT had entered into a contract. Seating disputes the allegation that it entered into a contract with TLT.

30. Agreed.

30a. Denied as phrased. TLT attempted to require Seating to use union labor in the contracts that it delivered to Seating on or about May 21, 2004.

30b. Agreed.

31. Denied as phrased. Seating returned signed contracts for the projects that (i) redacted provisions requiring Seating to obtain payment and performance bonds; (ii) added a provision stating that "Seating Solutions standard insurance limits apply to this contract"; (iii) added a provision stating that shop drawings would be received within six weeks of the

execution of the contract; and (iv) deleted a provision requiring Seating to use union carpenters and apprentices. Of these four proposed changes, TLT only deleted the provisions regarding union carpenters. *See* Exhibit 17.

34a. Denied as phrased. Seating would have been bound by the referenced terms if Seating and TLT had entered into a contract. Seating disputes the allegation that it entered into a contract with TLT.

34b. Denied as phrased. Seating would have been bound by the referenced terms if Seating and TLT had entered into a contract. Seating disputes the allegation that it entered into a contract with TLT.

35a. Denied as phrased. TLT refused to redact language relating to the performance bond from its proposed contract. *See* Exhibits 15 – 17. The parties did not, therefore, reach a meeting of the minds on this issue.

38a. Agreed. This fact is not material, however. TLT did not accept Seating's April 5 price quotation.

38b. Denied as phrased. Seating disputes the allegation that it entered into a contract with TLT.

39a. Agreed.

56a. Seating Solutions denies this allegation. Seating may move to strike the referenced portion of the Kostinden Affidavit as it relies upon statements made during settlement negotiations. *See* Fed. R. Evid. 408. At the time of filing, TLT's counsel is considering withdrawing this allegation, however, which would obviate the need for a motion to strike.

57. Agreed.

58. Seating neither admits nor denies this allegation as it is not material. Seating, furthermore, is without knowledge sufficient to confirm or deny the substance of this allegation

Dated: July 28, 2005

        RI, INC. d/b/a SEATING SOLUTIONS

        By its attorney,

          /s/      Terry Klein
        THE LAW OFFICE OF TERRY KLEIN
        Terry Klein, BBO# 652052
        1558 Dorchester Avenue, Ste. 202
        Dorchester, Massachusetts 02122
        Telephone: (617) 825-8175
        Facsimile: (617) 507-6454

### CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the above document was served upon the attorneys of record for each other party by first class mail on July 28, 2005.

          /s/      Terry Klein