UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TLT CONSTRUCTION CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | NO. 05-10223-LTS |
| ) | |
| RI, INC. d/b/a SEATING SOLUTIONS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE
STATEMENTS MADE DURING SETTLEMENT NEGOTIATIONS**

RI, Inc., d/b/a Seating Solutions ("Seating Solutions" or "Seating") moves to strike statements in the Affidavit of Thomas Kostinden, the President of the plaintiff, TLT Construction Corporation ("TLT" or "Plaintiff") and in Plaintiff's Response to Proposed Joint Statement of Material Facts. In pressing its Chapter 93A claim, TLT cites liberally to a letter that Seating's Vice President Scott Suprina sent to TLT in the context of settlement negotiations. The letter, however, constitutes an offer to resolve this case that TLT rejected. The Federal Rules of Evidence do not allow the admission of this evidence. *See* Fed. R. Evid. 408 ("Evidence of conduct or statements made in compromise negotiations is . . . not admissible."). The Court should strike the letter and any reference to it from the summary judgment record.

**A.  TLT relies upon statements made by Seating Solutions in a letter proposing the settlement of this lawsuit**.

TLT filed this action on December 28, 2004. During January of 2005, Seating and TLT attempted to resolve it via a negotiated settlement. On January 27, 2005, Seating's Vice President Scott Suprina sent a settlement proposal to TLT President Thomas Kostinden. Suprina identifies the letter as a settlement offer in its opening sentence: "As per our conversation I will make the following offer if accepted by Monday, 1/31/05." Plaintiff's Response to Joint

Statement of Material Facts ("Pl. Facts"), Ex. 39.  After making the proposal, Suprina closes the letter by stating "Make Bleachers Not War."

Plaintiff has included Suprina's letter in support of its argument that Seating Solutions has violated Mass. Gen. Law ch. 93A.  In his affidavit, Mr. Kostinden cites to the letter and states that Seating Solutions increased the price it had initially offered in May of 2004.  *See* Affidavit of Thomas Kostinden, ¶ 18.  TLT also refers to the letter in its statement of proposed additional facts.  *See* Pl. Facts ¶ 56a.  TLT claims that the letter provides evidence that Seating Solutions attempted to increase its price after the parties had entered into a purported contract, and that this attempted price increase violated Chapter 93A.  *See* Plaintiff's Memorandum of Law at 19-20.  Seating Solutions vigorously disputes TLT's assertion that the parties ever entered into a contract and that it engaged in any improper conduct.  To the contrary, as Seating notes elsewhere, TLT's negotiation strategy was to insist upon favorable contract terms, reject Seating's attempts to do the same, and threaten legal action if Seating pressed an issue.

**B.**     **The Suprina settlement letter and all references to it are inadmissible under Fed. R. Evid. 408.**

TLT's attempt to introduce statements made by TLT in the context of settlement negotiations is inappropriate.  "Evidence of conduct or statements made in compromise negotiations is . . . not admissible."  Fed. R. Evid. 408.  *See also McInnis v. A.M.F., Inc.*, 765 F.2d 240, 247 (1st Cir. 1985) ("The exclusion of evidence of settlement . . . illustrates Congress' desire to promote a public policy favoring the compromise and settlement of claims by insulating potential litigants from later being penalized in court for their attempts to first resolve their dispute out of court [and] such evidence is of questionable relevance on the issue of liability or the value of a claim, since settlement may well reflect a desire for peaceful dispute resolution, rather than the litigants' perceptions of the strength or weakness of their relative positions."); *First Software Corp. v. Computer Assocs. Int'l, Inc. (In re First Software Corp.)*, 107 B.R. 417, 425 (D. Mass. 1989) (refusing to admit evidence of the "sort of statement made in negotiations, based upon assumptions not proved at trial, and intended to forestall costly litigation which Rule

408 makes inadmissible").

Scott Suprina's letter dated January 27, 2005 attempted to resolve the lawsuit that TLT had filed the previous month. He offered to perform work for TLT at a certain price. Had TLT accepted Mr. Suprina's offer, this suit would have been over. TLT's claim that the letter and the offer it conveyed constitute evidence of Chapter 93A liability is untenable under Fed. R. Evid. 408. *See New Burnham Prairie Homes, Inc. v. Village of Burnham*, 910 F.2d 1474, 1482 (7th Cir. 1990) ("Federal Rule of Evidence 408 authorizes the district court to exclude settlement letters [where there is] a substantial showing that the letter [is] part of a settlement attempt . . . ."); *Fiberglass Insulators, Inc. v. Dupuy*, 856 F.2d 652, 654 (4th Cir. 1988) ("Federal Rule of Evidence 408 is broader than the common law exclusionary rule in many jurisdictions and excludes from evidence all statements made in the course of settlement negotiations.") (citing *McInnis*). The letter and statements contained in it (e.g., "Make Bleachers Not War") are "[e]vidence of conduct or statements made in compromise negotiations." Fed. R. Evid. 408. Indeed, the letter eases away from a more aggressive settlement position that Seating communicated two days earlier. As such, Seating Solutions respectfully requests that the Court strike the letter itself and all references to it from the summary judgment record.

Dated:  August 4, 2005

                                          RI, INC. d/b/a SEATING SOLUTIONS

                                          By its attorney,

                                          /s/    Terry Klein
THE LAW OFFICE OF TERRY KLEIN
Terry Klein, BBO# 652052
1558 Dorchester Avenue, Ste. 202
Dorchester, Massachusetts  02122
Telephone: (617) 825-8175
Facsimile: (617) 507-6454

4

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the above document was served upon the attorneys of record for each other party by first class mail on August 4, 2005.

                                        /s/        Terry Klein