UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TLT CONSTRUCTION CORP., <br><br> Plaintiff, <br><br> v. <br><br> RI, INC., D/B/A/ SEATING SOLUTIONS <br><br> Defendant. | CIVIL ACTION <br> NO. 05-10223-LTS |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE**

Now comes the Plaintiff, TLT Construction Corp. ("TLT") and hereby opposes Defendant, RI, Inc., d/b/a Seating Solutions' ("Seating") Motion to Strike statements in the Affidavit of Thomas Kostinden and particularly references to Seating's letter of January 27, 2005 from the Summary Judgment Record (attached to Plaintiff's Response to Defendant's Statement of Facts as Exhibit 39). In sum, the Defendant is misreading Federal Rule of Evidence 408 in an attempt to have this Court exclude evidence of commercial extortion and Defendant's motivation which directly bears on TLT's M.G.L. c. 93A claim.

**1. The statements contained in Defendant's Letter of January 27, 2005 are not an offer to settle within the spirit and meaning of Fed.R.Evd. 408.**

Federal Rule of Evidence 408 states in pertinent part that:

Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or **attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount**. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. **This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose**, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution. (Emphasis added).

Here, the Defendant suggests that the statements made by it in the context of attempting to extort additional funds from TLT are somehow protected by Rule 408. TLT does not consider the Defendant's "offer" to have TLT pay considerably more than what the Defendant originally agreed to accept to perform the exact same scope of work to be an "offer of settlement" within the meaning of Rule 408. Please see the Affidavit of Thomas Kostinden as filed in connection with Summary Judgment, ¶3-5 and 14-18. On the face of the January 27, 2005 letter, the litigation is not mentioned and the Defendant is clearly still trying to re-negotiate the contracts which it executed the previous July. Exhibit 39 to Plaintiff's Response to Defendant's Statement of Facts. The Defendant is not offering to pay TLT any money but is instead demanding more money itself. Id. The is not the stuff of a settlement offer and Defendant should not be able to twist Rule 408 to achieve the exclusion of otherwise probative evidence.

As a practical matter, when it suits convenience, the Defendant has sought to characterize all of the parties communications, including those which occurred after the Defendant executed the Contracts in issue and bound itself to particular terms, to have been pre-contract "negotiations" which it may use to support its defenses. Please refer to the Defendant's Memorandum of Law in Support of Summary Judgment. While TLT clearly disagrees with this position, it is nonsensical for the Defendant to now take the position that these some of these same communications are somehow special and constitute protected settlement discussions when it suits the Defendant's purpose. However, as the Defendant's January 27, 2005 letter is not tied to the litigation but is offered as further evidence of the Defendant's institutional position regarding the Contracts which it signed the previous July, the Defendant's sudden insistence that it was settling the litigation rather than negotiating contract terms should be rejected.

**2. TLT is not offering the statements to prove the underlying contract claim, but to prove evidence of extortion in violation of C. 93A.**

2

The evidence is admissible in furtherance of TLT's C. 93A claim because the "rule also does not require exclusion when the evidence is **offered for another purpose**." See Fed.R.Evd. 408 (emphasis added), see Catullo v. Metzner, 834 F.2d 1075, 1079 (C.A.1 (Puerto Rico),1987), see Uforma/Shelby Business Forms, Inc. v. National Labor Relations Board, 111 F.3d 1284, 1293 (6th Cir.1997) (holding that Rule 408 is inapplicable "to suits seeking to vindicate wrongs committed during settlement discussions"), see Giganti v. Gen-X Strategies, Inc., 222 F.R.D. 299 (E.D.Va.,2004) (refusing to apply Rule 408 to exclude evidence when considering a Motion for Sanctions), see pages 17-19 of TLT's Memorandum of Law in support of Summary Judgment.  TLT submits that the statements contained in the January 27, 2005 letter clearly illustrate the Defendant's unfair and deceptive conduct, showing both the commercial extortion (seeking a higher price than originally agreed) and motivation (allegedly higher materials costs), such to allow this Court to find that the Defendant knowingly engaged in the wrongful conduct, entitling TLT to multiple damages and legal fees as a matter of law.  Exhibit 39 to Plaintiff's Response to Defendant's Statement of Facts, see ESPN, Inc. v. Office of Com'r of Baseball, 76 F.Supp.2d 383, 412-413 (S.D.N.Y., 1999) (wherein the District Court specifically held that Rule 408 does not require the exclusion of evidence where it is being offered to show "improper motive" in a commercial context), see Pepsi-Cola Metro. Bottling Co., Inc. v. Checkers, Inc., 754 F.2d 10, 18 (1st Cir. (Mass.) 1985) (recognizing the commercial extortion is actionable under C. 93A).  Wherefore, exclusion of the evidence is not warranted because it demonstrates the Defendant's improper motive with respect to TLT's C. 93A claims.  See ESPN, Inc. v. Office of Com'r of Baseball, supra.

**3. The statements in issue cannot be considered an offer to settle TLT's C. 93A claim as a matter of law.**

TLT does not believe that any fair reading of the Defendant's January 27, 2005 letter can be construed as an offer to settle TLT's C. 93A claim simply because the litigation is not

mentioned, let alone any reference to said statute.  Further, C. 93A, §11 provides a specific mechanism for settlement in that a defendant:

> may tender with his answer in any such action **a written offer of settlement for single damages**. **If such tender or settlement is rejected by the petitioner**, and if the court finds that the relief tendered was **reasonable in relation to the injury actually suffered by the petitioner, then the court shall not award more than single damages**. (Emphasis added).

Here, the record reflects that the Defendant did not avail itself of the protection of the statute by tendering a settlement with its answer.  Therefore, the Defendant's January 27, 2005 cannot be an offer to settle TLT's C. 93A claim as a matter of law.  See M.G.L. c. 93A, §11.  Accordingly, the Defendant's attempt to circumvent the mandate of C. 93A, §11 should be flatly rejected at this late date.

## **CONCLUSION**

Wherefore, TLT requests that this Court deny the Defendant's Motion to strike in its entirety.

TLT CONSTRUCTION CORP.,
By its Attorneys,

s/ Patrick J. Sullivan
Dated: ___08-09-05___ Patrick J. Sullivan, Esq., BBO# 548752
James G. Grillo, Esq., BBO# 638730
HEAFITZ & SULLIVAN
56 Chestnut Hill Avenue
Boston, MA 02135
(617) 562-1000