UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| TLT CONSTRUCTION CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 05-10223-LTS |
| RI, INC., d/b/a SEATING SOLUTIONS | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT ON CHAPTER 93A CLAIM**

**I.    PRELIMINARY STATEMENT**

Liability under Chapter 93A, § 11 arises only if the wrongful conduct occurred primarily and substantially in Massachusetts. Seating Solutions is a New York corporation. It negotiated with the plaintiff, TLT, to work on two construction projects in Massachusetts. Seating did not perform the work. It communicated with TLT by letter, telephone, and facsimile from New York and never came to Massachusetts for any purpose related to TLT's projects. Can Seating Solutions be liable to TLT under Chapter 93A?

**II.    CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS**

A full recitation of the facts of this case is exhaustively set forth in previous pleadings submitted to the Court. This Court has held that Seating and TLT entered into two construction contracts in August 2004. *See* Order, dated December 28, 2005 ("Order"). Seating is a New York corporation. *See* Proposed Joint Statement of Material Facts, dated July 1, 2005 ("Facts"), ¶ 2. Under the contracts, Seating was to install bleacher systems at two high schools in Massachusetts. *See* Order at 2. For the purpose of this motion only, Seating assumes that it knew of or at least suspected the contracts' existence. The total price for both projects was $480,000.00. *See id*. On several occasions after August 13, 2004, Seating communicated with

TLT and attempted to negotiate a contract price that was greater than $480,000.00. *See, e.g.,* Facts, ¶¶ 37, 44; Exs. 22, (August 20 Letter), 28 (October 20 Letter). TLT put Seating on notice that it disagreed with Seating's assertion that the parties had not entered into a final agreement. *See, e.g.*, Facts, ¶¶ 38, 54; Exs. 23 (August 23 Letter), 37 (Dec. 15 facsimile).

At all times material to this action, Seating's employees engaged in these communications from Hauppauge, New York. Affidavit of Marc Ligator, dated February 24, 2006 ("Ligator Aff."), ¶ 4. TLT's employees engaged in these communications from Massachusetts. No employee of Seating has ever met in person with any employee of TLT. *See id.* at ¶ 5. No employee of Seating ever traveled to Massachusetts in connection with these projects or the negotiation of the contract. *See id.* at ¶ 6. Seating has worked on other construction and installation projects in Massachusetts. *See id.* at ¶ 7. TLT ultimately decided to file suit to recover the additional costs that it incurred when it hired another company to handle the bleacher installation.

### III.    DISCUSSION

**A.    Chapter 93A requires that the unfair conduct occur primarily and substantially in Massachusetts.**

Chapter 93A is explicit as to the requirement that the conduct complained of must have taken place in Massachusetts. "No action," the statute states, "shall be brought or maintained under this section unless the actions and transactions constituting the alleged unfair method of competition or the unfair or deceptive act or practice occurred *primarily and substantially within the commonwealth*." Mass. Gen . Law ch. 93A, § 11 (emphasis supplied). Seating has the burden of proof as to this issue. *See id.* ("For the purposes of this paragraph, the burden of proof shall be upon the person claiming that such transactions and actions did not occur primarily and substantially within the commonwealth."). As the Supreme Judicial Court recently clarified, the inquiry is "whether the center of gravity of the circumstances that give rise to the claim is primarily and substantially within the Commonwealth." *Kuwaiti Danish Computer Co. v. Digital Equip. Corp.*, 438 Mass. 459, 473, 781 N.E.2d 787, 799 (2003). "[T]he analysis should

not be based on a test identified by any particular factor or factors because of a tendency to shift the focus away from the purpose and scope of c. 93A." *Id*.  The rule is simple as stated.  The Court's challenge here is determining what conduct gives rise to TLT's Chapter 93A claim and whether it occurred in Massachusetts.

**B.     Chapter 93A does not apply because Seating's conduct occurred in New York, not Massachusetts.**

The conduct of which TLT complains occurred in New York.  TLT claims that Seating violated Chapter 93A by "seeking to extort more favorable concessions, contrary to contractual requirements."  Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment and in Support of Plaintiff's Cross-Motion for Summary Judgment, dated July 22, 2005, p. 17.  Stated differently, Seating's alleged unfair conduct was demanding a higher price after the parties had entered into a contract.  Seating made these demands in New York.  *See, e.g.,* Facts, ¶¶ 37, 44; Exs. 22, (August 20 Letter), 28 (October 20 Letter).  At best, the parties' communications back and forth between New York and Massachusetts situates the "center of gravity" of this dispute in approximate equilibrium between the two states.  "[I]f the significant contacts of the competing jurisdictions are approximately in balance, the conduct in question cannot be said to have occurred primarily and substantially in Massachusetts." *Uncle Henry's, Inc. v. Plaut Consulting, Co., Inc*., 399 F.3d 33, 45 (1st Cir. 2005).  *See also Bushkin Assocs., Inc. v. Raytheon Co*., 393 Mass. 622, 639, 473 N.E.2d 662, 672 (1985) ("The significant contacts in this action are approximately in balance . . . and thus show no primary involvement with Massachusetts.").

In considering the location of the wrongful conduct, is important to note that the breach of contract itself is not a violation of Chapter 93A.  *See Chambers Steel Engraving Corp. v. Tambrands, Inc*., 895 F.2d 858, 861 (1st Cir. 1990) ("The mere breach of a contract, without more, even if one existed, would not violate ch. 93A.") *Madan v. Royal Indem. Co.*, 26 Mass. App. Ct. 756, 762, 532 N.E.2d 1214, 1217 (1989) ("[T]he mere breach of a contract, without more, does not amount to a c. 93A violation."), *rev. denied*, 404 Mass. 1103, 536 N.E.2d 1093

(1989); Michael C. Gilleran, *The Law of Chapter 93A* § 9.1 at 227 (1989) ("Where the nature of the breach constitutes a mere breach of contract, without more, such conduct will not constitute a 93A violation.").[1] That Seating did not work on TLT's construction projects and that it has done other work in Massachusetts, *see* Ligator Aff., ¶ 7, is not material. "Contacts with Massachusetts that were neither unfair nor deceptive do not play a part in assessing whether the misconduct occurred primarily and substantially in Massachusetts." *RGJ Assocs., Inc. v. Stainsafe, Inc.*, 338 F. Supp. 2d 215, 234 (D. Mass. 2004); *Kuwaiti Danish Computer Co.*, 438 Mass. at 474, 781 N.E.2d at 799-800 (2003) (refusing to consider locus of neutral conduct in assessing whether wrongful conduct occurred primarily and substantially in Massachusetts).[2]

The *Kuwaiti Danish* case illustrates how these principles work. There, unlike this case, the defendant was actually a Massachusetts corporation. *See Kuwaiti Danish Computer Co.*, 438 Mass. at 470, 781 N.E.2d at 797 (2003). The plaintiff alleged that the defendant had agreed to a contract to supply computer equipment, then, as here, sought a higher price. *See id*. at 438 Mass. at 471, 781 N.E.2d at 797. Negotiations took place via telephone, and at the defendant's Washington D.C. office. *See id*. at 438 Mass. at 462-63, 781 N.E.2d at 791-92. As in this case,

---

[1] Section 11 of Chapter 93A requires that the plaintiff to claim that the unlawful conduct caused an *independent* loss of money or property. *See Callahan v. Harvest Board International, Inc.*, 138 F. Supp. 2d 147, 167 (D. Mass. 2001) (holding that plaintiff cannot succeed on section 11 claim where alleged loss of money or property stemmed from separate breach of contract claim and was not attributable to unfair or deceptive act). TLT has not alleged that it suffered a loss other than the cost of cover. Expenditure of fees to bring a breach of contract suit, for example, is not the sort of loss of money or property protected by Section 11. *Doering Equip. Co. v. John Deere Co.*, 61 Mass. App. Ct. 850, 858, 815 N.E.2d 234, 241 (2004) ("The expenditure . . . of attorney's fees [to bring suit to recover damages that are unrelated to the unfair act or practice] does not represent a loss of money or property within the meaning of c. 93A, § 11.").

[2] The court found that the defendant's conduct in the *Stainsafe* case violated Chapter 93A. There, however, the parties had an eleven year business relationship under which the defendant paid the plaintiff to package and distribute its cleaning products from Massachusetts facilities. *See Stainsafe, Inc.*, 338 F. Supp. 2d at 219-33. The defendant made a series of misrepresentations that convinced the plaintiff to build the production facilities. *See id*. In this case, though, TLT has not alleged that Seating made misrepresentations upon which it relied to its detriment.

the communications requesting the price increase were made by telephone from outside Massachusetts -- Washington D.C.  *See id*. at 438 Mass. at 463, 781 N.E.2d at 792.  The defendant based its price demand on internal company policies established in Massachusetts.  *See id*. at 438 Mass. at 471, 781 N.E.2d at 797.  The defendant confirmed, from its Massachusetts headquarters, that it would not go forward with the deal.  *See id*. at 438 Mass. at 463-64, 781 N.E.2d at 792.  Acknowledging the existence of a significant amount of Massachusetts conduct, the Supreme Judicial Court held that the defendant "met its burden of proving that the actions and transactions constituting the § 11 claim occurred primarily and substantially outside the Commonwealth."  *Id*. at 438 Mass. at 475, 781 N.E.2d at 800.[3]

The relevant contacts here are less substantial than those in the *Kuwaiti Danish* case.  Seating is not a Massachusetts corporation.  *See* Facts, ¶ 2.  All of Seating's conduct took place in New York.  There were no meetings in Massachusetts and none of Seating's communications originated there.  *See* Ligator Aff., ¶¶ 5-6.  To the extent that Seating sought to extract unjustified contract concessions, this alleged activity occurred in New York.  *See Goldstein Oil Co. v. C.K. Smith Co., Inc.*, 20 Mass. App. Ct. 243, 249-50, 479 N.E.2d 728, 732 (1985) ([T]he intentional overcharging or mispricing of oil . . . must have occurred where the oil was priced and the invoice prepared."), *rev. denied*, 395 Mass. 1104, 462 N.E.2d 328 (1985).  Though TLT has not stated that it suffered any independent loss of money or property due to unfair conduct, claiming that an injury occurred in Massachusetts is not enough.  "[T]he place of injury is not determinative; otherwise in almost every case with a Massachusetts plaintiff, the defendant would be subject to Chapter 93A violations, regardless of how negligible the defendant's activity in Massachusetts was."  *Garshman Co., Ltd. v. General Elec. Co*., 176 F.3d 1, 7 (1st Cir. 1999).

---

[3] By way of comparison, the Court can refer to *Auto Shine Car Sys., Inc. v. Nice 'N Clean Car Wash, Inc*., 58 Mass. App. Ct. 685, 792 N.E.2d 682 (2003).  There, the Appeals Court found that "the contract was to be performed in Massachusetts; the parties met frequently in Massachusetts, the alleged problems with equipment . . . occurred in Massachusetts; and the misrepresentation . . . originated in Massachusetts."  *Id*., 58 Mass. App. Ct. at 688, 792 N.E.2d at 685 (internal quotation marks omitted).

*See also Zyla v. Wadsworth*, 360 F.3d 243, 255 (1st Cir. 2004) (same); *Korpacz v. Women's Prof. Football League*, No. Civ. A. 04-10735-RWZ, 2006 WL 220762, *5 (D. Mass., Jan. 27, 2006) ("Although plaintiffs themselves reside in Massachusetts and any losses they may have suffered would have been incurred here, defendants' conduct occurred outside of the state."). Seating is entitled to summary judgment on the Chapter 93A claim.

## IV.    CONCLUSION

Seating Solutions respectfully requests that the Court allow the motion for partial summary judgment and find that the undisputed material facts reveal that Seating has met its burden of proving the actions and transactions constituting the § 11 claim occurred primarily and substantially outside Massachusetts.

Respectfully Submitted,

RI Inc. d/b/a SEATING SOLUTIONS

By its attorney,

     /s/                    Terry Klein
HENSHON PARKER VYADRO, P.C.
Terry Klein, BBO# 652052
84 State Street, Suite 760
Boston, Massachusetts  02109
Telephone: (617) 367-1800
Facsimile: (617) 507-6454

Dated:  February 28, 2006

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on or before February 28, 2006.

     /s/                    Terry Klein