UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____ )
                                            )
TLT CONSTRUCTION CORP. ,                    )
                                            )
                    Plaintiff,              )
                                            )
v.                                          )          CIVIL ACTION
                                            )          NO. 05-10223-LTS
RI, INC. d/b/a SEATING SOLUTIONS,           )
                                            )
                    Defendant.              )
_____ )

**PLAINTIFF'S OPPOSITION TO THE DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Now comes the Plaintiff, TLT Construction Corp. (hereinafter "TLT"), and hereby requests that this Honorable Court deny the motion of the Defendant, RI, Inc., d/b/a Seating Solutions (hereinafter "Seating"), for summary judgment, and allow this matter to proceed to trial.  In support hereof, TLT states that the time for summary judgment has passed and this matter is currently scheduled for a pre-trial conference on April 25, 2006 with trial set to proceed shortly thereafter on May 8, 2006 on TLT's C. 93A claim.   In addition, Seating misapplies the law as concerns whether its unfair and deceptive actions "occurred primarily and substantially within" Massachusetts as contemplated by M.G.L. c. 93A, §11 making summary judgment in its favor inappropriate.

**<u>Facts</u>**

The facts of this matter are set forth in the Proposed Joint Statement of Facts filed by Seating in connection with Summary Judgment on July 1, 2005, the Plaintiff's Response to the Proposed Joint Statement of Facts as filed by the TLT on July 25, 2005 and this Court's Order of December 28, 2005 granting TLT summary judgment on its contract claims.  TLT will not

1

endeavor to restate same herein.  In sum, it is TLT's position that TLT and Seating entered into certain construction contracts and that Seating unfairly, deceptively and repeatedly attempted to extort additional compensation thereon.  Seating eventually refused to perform, and ultimately sought to wrongfully leverage TLT after stringing TLT along for months, in part because Seating knew that TLT was under strict time deadlines to complete the underlying public construction projects in issue during a time of rapidly escalating commodity pricing in the commercial marketplace, all in violation of M.G.L. c. 93A.

**I.  Defendant's Motion should be denied as untimely.**

The Court will recall that a status conference was held on January 20, 2006, after this Court decided the contract claims in TLT's favor on the undisputed facts.  At that time, the Defendant raised an issue concerning TLT's claim pursuant to C. 93A, which is the only claim remaining for trial.  Specifically, the Defendant is disputing whether the Defendant's conduct "occurred primarily and substantially within the commonwealth" of Massachusetts for purposes of the subject statute.  However, the Court indicated it was not amenable to entertaining another round of summary judgment motions, but instead stated that the Parties may file Trial Briefs dealing with the jurisdictional aspect of TLT's C. 93A claim for the Court's consideration in advance of trial.  See this Court's electronic Order of January 24, 2006 as issued following the Status Conference of January 20, 2006).  Accordingly, TLT submits that Seating's Motion should be denied at this time as untimely and not otherwise in conformance with the directives of the Court.

**II.  The conduct in issue "occurred primarily and substantially within the commonwealth" of Massachusetts under the facts as presented.**

There is a substantial body of both federal and state caw law interpreting whether particular unfair and deceptive conduct has "occurred primarily and substantially within the

commonwealth" of Massachusetts.  Recently, in *Uncle Henry's Inc. v. Plaut Consulting Co., Inc.*, the First Circuit re-affirmed consideration, *inter alia*, of a 3 factor test for determining whether wrongful conduct has occurred primarily in Massachusetts as required by §11.  *Uncle Henry's Inc. v. Plaut Consulting Co., Inc.*, 399 F.3d 33, 44-45 (1St Cir. 2005)[1].  The three basic factors are: "(1) where defendant committed the deception; (2) where plaintiff was deceived and acted upon the deception; and (3) the situs of plaintiff's losses due to the deception." *Roche v. Royal Bank of Canada*, 109 F.3d 820, 829 (1St Cir. 1997) (*citing Clinton Hosp. Ass'n v. Corson Group, Inc.*, 907 F.2d 1260, 1265-66 (1St Cir. 1990).  The First Circuit "has previously recognized that the first factor, the location of the Defendant, is the least weighty of the three factors." *Id.* (*citing Compagnie De Reassurance D'Ile de France v. New England Reinsurance Corp.*, 57 F.3d 56, 90 (1St Cir. 1995) and *Clinton Hosp.*, *supra*).  That said, the Massachusetts Supreme Judicial Court has retreated from solely relying on the 3 part test discussed above (See Footnote 1 herein) and instead has sought to invoke what it describes as a more functional "center of gravity" approach.  *Kuwaiti Danish Computer Co. v Digital Equipment Corp.*, 438 Mass. 459, 473-474 (2003). As will be shown below, this clarification of the law simply permits this Court to take a broader view of the evidence instead of just limiting the inquiry to the factors listed in *Roche v. Royal Bank of Canada*.  *See* Id. and FN 14 therein.  Accordingly, TLT believes that it is appropriate for this Court to now consider that "although the acts originated in New York, [the Defendant] intended that their force and input influence the plaintiff's behavior in Massachusetts." *See Clinton Hosp. Ass'n*, 907 F.2d at 1265.  Also, it is important to recognize that for this issue, "the burden of proof shall be upon the person claiming that such transactions

---

[1] As will be noted below, the *Uncle Henry's Inc.* Court specifically acknowledged that while the Massachusetts Supreme Judicial Court had recently been backed away from the 3 factor test in favor of a more subjective and broad based analysis, there was nothing in that decision stating that the 3 factors were no longer to be considered in deciding this issue.  *Id.* at 45 (*citing Kuwaiti Danish Computer Co. v Digital Equipment Corp.*, 438 Mass. 459 (2003)).

and actions did not occur primarily and substantially within the commonwealth." M.G.L. c.

93A, §11 (8th paragraph).

Within this framework, it is clear that the Defendant's unfair and deceptive conduct has

"occurred primarily and substantially within the commonwealth" of Massachusetts within the

meaning of C. 93A. First, it is undisputed that TLT, a Massachusetts Corporation, received and

acted upon Seating's conduct at TLT's offices located in the Commonwealth. See e.g., Proposed

Joint Statement of Facts, ¶¶ 1, 3, 4-9, 28, 35, 37, 40-42 and 57, see also, e.g., the Plaintiff's

Response to the Proposed Joint Statement of Facts, ¶¶ 37, 43 and 57 as previously filed with the

Court. In addition, it is clear that the losses which TLT incurred arise out of public construction

projects located in Massachusetts. See Id, particularly Proposed Joint Statement of Facts, ¶¶ 5,

8, 9 and 57 as well as Plaintiff's Response to the Proposed Joint Statement of Facts, ¶ 57.

Seating alleges that since it communicated with TLT from outside the Commonwealth, it is

somehow immune from M.G.L. c. 93A liability. However, far from being dispositive as

suggested by the Defendant, the situs of the Defendant is "the least weighty of the three factors."

See Roche v. Royal Bank of Canada at 829. Further, in considering all the relevant facts leading

up to the wrongful breach of contract and unfair and deceptive conduct committed by the

Defendant, it is important to recognize that it is undisputed that it was the Defendant who

reached out and contacted TLT in Massachusetts to begin the process, for the express purpose of

procuring public work in Massachusetts. See Proposed Joint Statement of Fact ¶10[2]. Also, it

should be noted that in addition to sending a quote to TLT to facilitate the negotiations preceding

the formation of the contracts in issue, Seating claimed to have been intimately involved with the

design phase of Reading Project, representing that it "ha[d] worked closely with this architect

---

[2] Defendant admits that before entering negotiations with TLT, it sent quotes to other potential customers, not just
TLT. Accordingly, the Defendant was clearly interested in conducting business in Massachusetts. Id.

and ha[d] helped them design this bleacher from the very first steps." Plaintiff's Response to the Proposed Joint Statement of Facts, ¶10. In this regard, the contacts between Seating and the project architect should be considered in connection with the subject issue and are something that will need to be addressed more fully by way of cross-examination of Defendant's witnesses at trial. These contacts are not something that can be dealt with by way of Summary Judgment at this time as the parties did not pursue depositions as well as other formal discovery in consideration of an agreement between counsel to have the underlying contract action determined as a matter of law. Now that this Court has decided summary judgment on the contract claims and trial scheduled on the G.L. c. 93A claims, it is not practical nor reasonable for TLT to pursue discovery as to an alleged dispute of fact at this late date.

Accordingly, whatever test or analysis this Court may see fit to employ, it is appropriate under the facts as presented to deny the Defendant's Motion as on the facts, the Defendant clearly cannot meet its burden of proving that its unfair and deceptive conduct did not "primarily and substantially within the commonwealth" of Massachusetts as required by C. 93A, §11. See M.G.L. c. 93A, §11 (8th paragraph), *Uncle Henry's Inc. v. Plaut Consulting Co., Inc.* and *Roche v. Royal Bank of Canada*, *supra*.

As a practical matter, the Massachusetts Supreme Judicial Court's decision in *Kuwaiti Danish Computer Co. v Digital Equipment Corp.* does not compel a different result. First of all, as noted previously in Footnote 1 above, the First Circuit Court of Appeals has determined that "In holding that a set list of factors was of limited utility to the Chapter 93A inquiry . . . the *Kuwaiti Danish* court certainly did not hold or imply that the factors identified by the district court (derived from our *Roche* decision) are irrelevant to the Chapter 93A calculus." *Uncle Henry's Inc. v. Plaut Consulting Co., Inc.*, 399 F.3d 33, 45 (1St Cir. 2005). Accordingly, TLT submits that the undisputed facts require that Seating's Motion be denied as demonstrated above.

In addition, the underlying circumstances of *Kuwaiti Danish* are so markedly different from the case at bar such as to make the ultimate holding of that case immaterial to this action. Specifically, the Plaintiff in *Kuwaiti Danish* was a Kuwaiti corporation doing business in the Commonwealth[3]. *Kuwaiti Danish Computer Co.*, 438 Mass. at 461. Second, the contacts and negotiations between the parties occurred primarily in Washington D.C. and not in the Commonwealth. Id. at 799-800. Further, the business transaction in issue was for the sale of computers and related equipment not only outside the Commonwealth of Massachusetts, but also outside of this country. Id. at 461. The *Kuwaiti Danish* Court concluded its analysis with a finding that "virtually all the conduct that can be said to be unfair and deceptive, and the underlying negotiations, occurred in Washington, D.C." Id. at 475. The same can certainly not be said for the circumstances and Parties herein as demonstrated herein above.

TLT submits that the facts of this dispute on more on a par with *Charles River Data Systems v. Oracle Complex Systems*, 788 F.Supp 54, 61 (D.Mass 1991). In *Charles River*, the U.S. District Court found, similar to this dispute, that phone calls, facsimiles, and letters sent from out of state but which were "received and acted upon primarily within Massachusetts, at the plaintiff's place of business, and [that] the plaintiff's losses due to the allegedly deceptive acts were borne in Massachusetts", compelled a finding that the unfair and deceptive acts "occurred primarily and substantially within" Massachusetts. *Charles River Data Systems v. Oracle Complex Systems Corp.*, 788 F.Supp 54, 61 (1991) (*citing Clinton Hospital Association v. Corson Group, Inc.*, 907 F.2d at 265 (which held that "although the acts originated in New York, it was intended that their force and input influence the plaintiff's behavior in Massachusetts")).

Moreover, if this Court is inclined to believe that *Kuwaiti Danish* does establish a different standard of analysis, then it should be recognized that the Massachusetts Supreme

---

[3] Though a wholly-owned Massachusetts subsidiary.

Judicial Court has stated that C. 93A "suggests an approach in which a judge should, after making findings of fact, and after considering those findings in the context of the entire §11 claim, determine whether the center of gravity of the circumstances that give rise to the claim is primarily and substantially within the Commonwealth." Id. at 473.   Wherefore, it appears that under *Kuwaiti Danish*, an analysis of such detail is premature as this Court has yet to take any evidence, let alone make any findings as pertain to the Plaintiff's c. 93A claim.  Such an inquiry and determination has no place in a summary judgment proceeding, which by its nature, does not permit the Court to weigh evidence or decide disputed issues of fact.  *See Barbour v. Dynamics Research Corp.*, 63 F.3d 32, 36 (1St Cir. 1995) (Factual disputes must be viewed in a "light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor.")

Wherefore, Plaintiff, TLT Construction Corp., respectfully requests that the Court deny Defendant's motion for partial summary judgment and allow this matter to proceed to pre-trial and trial without further delay on Plaintiff's claim for relief pursuant to the mandate of M.G.L. c. 93A, §11.

TLT CONSTRUCTION CORP.,
By its Attorneys,


s/ Patrick J. Sullivan
Dated:  __03-21-06__          Patrick J. Sullivan, Esq., BBO# 548752
James G. Grillo, Esq., BBO# 638730
HEAFITZ & SULLIVAN
56 Chestnut Hill Avenue
Boston, MA 02135
(617) 562-1000