UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TLT CONSTRUCTION CORP., )<br>    Plaintiff, )<br>)<br>         v. )<br>)<br>RI, INC., d/b/a )<br>SEATING SOLUTIONS, )<br>    Defendant. )<br>)<br>) | CIVIL ACTION<br>NO. 05-10223-LTS |

MEMORANDUM AND ORDER
ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

SOROKIN, M. J.

Defendant moves for Partial Summary Judgment on Plaintiff's claim under M.G.L. c.93A § 11 ( docket # 30).  The Motion is DENIED.

DISCUSSION

Defendant makes only one argument: that it is entitled to summary judgment on the 93A claim because its alleged misconduct did not occur "primarily or substantially" within the Commonwealth as required by 93A.  Summary judgment should only be granted when the moving party shows that "there is no genuine issue as to any material fact" so that "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The burden is on the defendant to show that its misconduct occurred primarily and substantially *outside* Massachusetts.  See Play Time, Inc. v. LDDS Metromedia Communications, Inc., 123 F.3d 23,

32 (1st Cir.1997)(finding Defendant must disprove "primarily and substantially" element, making it effectively an affirmative defense).

The Supreme Judicial Court has concluded that "the analysis required under § 11 should not be based on a test identified by any particular factor or factors." Kuwaiti Danish Computer Co. v. Digital Equipment Corp., 438 Mass. 459, 473 (2003). Instead, "a judge should . . . determine whether the center of gravity of the circumstances that give rise to the claim is primarily and substantially within the Commonwealth." Id. Though this inquiry is "necessarily . . . fact intensive and unique to each case," as "significant factors that can be identified for one case may be nonexistent in another," the Supreme Judicial Court has also acknowledged that factors such as "where the defendant commit[ed] the unfair or deceptive act . . . where the plaintiff receive[d] or act[ed] on the wrongful conduct . . . [and] where the plaintiff sustained losses caused by the wrongful conduct," etc. can still guide the inquiry. Id. at 472- 73, fn. 13 (citing Play Time, Inc., 123 F.3d at 33 and Roche v. Royal Bank of Canada, 109 F.3d 820, 829 (1st Cir. 1997)); see also Uncle Henry's Inc. v. Plaut Consulting Co., 399 F.3d 33, 45 (1st Cir.2005)(noting "the *Kuwaiti Danish* court certainly did not hold or imply that the factors identified by the district court (derived from our *Roche* decision) are irrelevant to the 93A calculus"). No one fact or set of factors is determinative, however. Kuwaiti Danish, 438 Mass. at 473.

The facts here are undisputed for the purposes of this Motion.[1]  Defendant is a New York corporation. It submitted a bid to Plaintiff, a Massachusetts corporation, to construct bleachers in

---

[1] Defendant assumes that it knew of the existence of a contract between the parties for the purposes of this Motion. Memorandum in Support of Defendant's Motion, pg. 1.

Massachusetts.  The parties formed a contract under which the price for the projects would be $480,000.00.  Subsequently, however, Defendant sought a "contract price that was greater than $480,000.00."  Memorandum in Support of Defendant's Motion, pg. 1.  Plaintiff asserts that Defendant's conduct was unfair and deceptive.

Defendant states that its alleged misconduct occurred in New York, as that is where it initiated the phone calls, letters, etc. which form the basis of Plaintiff's claim.  While Defendant acted in New York, however, it directed all of its alleged deception to Plaintiff in Massachusetts.  That is, Defendant made statements or took positions in phone calls, faxes and letters that were issued to Plaintiff in Massachusetts.  Plaintiff "received and acted upon" those statements here in Massachusetts.  Uncle Henry's, 399 F.3d at 39 (finding wrongful conduct occurred "primarily and substantially" in Maine where deceptive statements were "received and acted upon" by Plaintiff); see Bushkin Associates, Inc. v. Raytheon, 393 Mass. 622, 638 (1985)(Defendant's alleged unfair conduct did not occur "primarily and substantially" in Massachusetts, as "[t]he alleged unfair or deceptive acts or practices were made in Massachusetts but *received* and *acted upon* [by Plaintiff] in New York" )(emphasis added).  Moreover, Defendant contracted to perform in Massachusetts before refusing to so perform; and, Plaintiff's losses from Defendant's alleged deception were sustained in Massachusetts.  See Clinton Hospital Association v. Corson Group, Inc., 907 F.2d 1260, 1266 (1st Cir.1991)(acknowledging that the "situs of plaintiff's losses due to the unfair or deceptive acts or practices" is relevant to whether those acts occurred primarily and substantially in Massachusetts or elsewhere).

There are only two non-Massachusetts facts in this case: that Defendant is a New York corporation and that it aimed its alleged deception at Massachusetts while in New York.  These

facts do not tip the balance, however; "although the defendant['s] behavior originated out of state, it was intended to that plaintiff's behavior be influenced in Massachusetts." Charles River Data Systems, Inc. v. Oracle Complex Systems Corp., 788 F. Supp. 54, 61 (D.Mass. 1991).

Defendant has failed to carry its burden to establish that its alleged misconduct occurred "primarily and substantially" outside of Massachusetts. M.G.L. c.93A § 11. The totality of undisputed facts evidence that Massachusetts is the "center of gravity of the circumstances that give rise" to Plaintiff's claim. Kuwaiti Danish, 438 Mass. at 473. Massachusetts is: (1) the location to which Defendant directed all of its communications that constitute the alleged misconduct, so that Plaintiff received and acted upon those allegedly deceptive communications here; (2) the place in which Defendant promised to perform; and (3) the place where Plaintiff suffered its claimed losses.

## CONCLUSION

For the foregoing reasons, I DENY Defendant's Motion for Partial Summary Judgment (docket # 30).

/s/ LEO T. SOROKIN
Leo T. Sorokin
United States Magistrate Judge

Date: March 28, 2006