The UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| TLT CONSTRUCTION CORP., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 05-10223-LTS |
| RI, INC., d/b/a SEATING SOLUTIONS, | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF, TLT CONSTRUCTION CORP.'S, MOTION TO RE-OPEN THIS MATTER AND TO REQUIRE THE DEFENDANT TO POST A SUPERSEDEAS BOND**

Now comes the Plaintiff, TLT Construction Corp., and hereby requests that this Honorable Court, re-open this matter (which was closed by the Court on June 27, 2006) and, pursuant to F.R.C.P. 62(d), order the Defendant, RI, INC., d/b/a Seating Solutions, to provide a supersedeas bond in an amount equal to, or greater than, $58,000, which represents the underlying judgment awarded in this action of $40,638, plus interest at the statutory rate for the next three (3) years[1] and reasonably anticipated costs. It is requested that the Defendant be required to post such bond with a properly licensed major national surety as recognized by Circular 570 as published by the United States Department of the Treasury in the Federal Register. In the alternative, TLT requests that this Court direct disclosure of discovery from Seating Solutions, in accordance with F.R.C.P. 69, together with such other relief as may be appropriate, to aid in securing the collection of said judgment including, but not limited to: All tax returns, schedules and forms filed by or on behalf of Seating Solutions for the past (3) years; All documents and ledgers that summarize any and all

---

[1] TLT suggests that if this matter is to run its course at the appellate level an additional three (3) years of interest must be factored into the total amount of the supersedeas bond. As the underlying judgment in this action was $40,638, with interest and costs, and additional 3 years at 12% per annum results in a total of $55,322, plus, reasonably anticipated costs and expenses as TLT is likely to incur as a consequence of Defendants' refusal to satisfy any part of the judgment entered.

income and expenditures of Seating Solutions for the past (2) years; All documents that reflect the net worth of Seating Solutions; All deeds that relate to real property that Seating Solutions has an ownership interest in; Any financial statement prepared by, for, on behalf of, or in respect to Seating Solutions in the past three (3) years; All documents relating to any debts or accounts receivable due or to become due to Seating Solutions; Copies of current inventory and accounts of Seating Solutions; Copies of all contracts and purchase orders reflecting work in progress and to be performed in the future.

In support hereof, TLT states that Seating Solutions is a corporation with a principal place of business in New York, and, based upon the information available, has no ascertainable business dealings or assets within the Commonwealth of Massachusetts at this time. To wit, Seating Solutions' principal specifically testified at trial that he had no knowledge of any business activity of the Defendant in the Commonwealth of Massachusetts. As liability and damages have been liquidated TLT requests a bond securing the underlying judgment, or the allowance of discovery calculated to secure satisfaction of same.

WHEREFORE, TLT respectfully requests that this Honorable Court re-open this matter and order Seating Solutions post a supersedeas bond in the amount of $58,000, or in the alternative, order such discovery as necessary to ensure TLT has a reasonable likelihood of securing payment of the judgment entered against Seating Solutions by this Court together with such other relief as maybe deemed meet and just.

Dated: _8-18-06_

TLT CONSTRUCTION CORP.,
By its Attorneys,

/s/ Patrick J. Sullivan_____
Patrick J. Sullivan, Esq., BBO# 548752
James G. Grillo, Esq., BBO# 638730
HEAFITZ & SULLIVAN
56 Chestnut Hill Avenue
Boston, MA 02135
(617) 562-1000