UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TLT CONSTRUCTION CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 05-10223-LTS |
| RI, INC. d/b/a SEATING SOLUTIONS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPPOSITION TO MOTION FOR SUPERSEDEAS BOND AND CROSS MOTION TO STAY PENDING APPEAL

The defendant, RI, Inc. d/b/a Seating Solutions ("Seating" or "Seating Solutions"), hereby opposes the plaintiff, TLT Construction Corporation's ("TLT"), motion to reopen the case and require Seating to post a supersedeas bond. Additionally, Seating respectfully requests that the Court stay its judgment pending resolution of the appeal pending in the First Circuit. As further grounds for this motion, Seating Solutions states as follows:

1.      TLT seeks unnecessary relief. Seating's total revenue in 2005 was approximately $8 million. TLT's judgment represents about one half of one percent of this figure. The Court has discretion to permit the appeal to proceed without requiring a bond "in light of the vast disparity between the amount of the judgment in this case and [Seating's] annual revenue." *Arban v. West Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003). *See also Olympia Equip. Leasing Co. v. Western Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986) ("[A]n inflexible requirement of a bond would be inappropriate . . . where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money . . . .").

2.      A stay pending appeal, on the other hand, is warranted. The Court has noted that the main issue presented in this case – whether there was a contract between Seating and TLT – was a very close question. "The *sine qua non* of the stay pending appeal standard is whether the

movants are likely to succeed on the merits." *Acevedo-García v. Vera-Monroig*, 296 F.3d 13, 16 (1st Cir. 2002).[1]  Seating Solutions is confident of its chances on appeal.  This is a case about negotiation of a construction contract.  Where a conflict regarding a material contract term remains unresolved, no agreement exists.  *See Mass Cash Register, Inc. v. Comtrex Sys. Corp.*, 901 F. Supp. 404, 418 (D. Mass. 1995) ("[T]he parties' failure to agree on material terms militates against the finding of a contract.").  On August 18, 2004, the parties reached an apparent resolution of how and whether to bond Seating's work.  Trial Ex. 20.  On August 13, 2004, however, Seating sought a price increase.  Trial Ex. 19.  TLT refused to increase the contract price.  Pricing was therefore unresolved on August 13, 2004 and remained unresolved five days later when Seating and TLT agreed on bonding.  With pricing unresolved, there was no contract.  *See Mass Cash Register, Inc.*, 901 F. Supp. at 418.

3.     Execution upon federal judgments is governed by Fed. R. Civ. P. 69.  The rule states that "[t]he procedure on execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable."  Under Massachusetts law, "No execution shall issue upon a judgment until the exhaustion of all possible appellate review thereof, and the receipt by the clerk of the trial court of the appropriate rescript or order."  Mass. Gen. Law ch. 235, § 16.  *See also* Mass. R. Civ. P. 62 (d) ("[T]aking of an appeal from a judgment shall stay execution upon the judgment during the pendency of the

---

[1] The First Circuit has also presented four factors for the Court to consider "(1) whether the applicant has made a strong showing of success on the merits; (2) whether the applicant will be irreparably harmed absent injunctive relief; (3) whether issuance of the stay will injure other parties; and (4) where the public interest lies."  *Acevedo-García*, 296 F.3d at 16.  Seating does not claim that it would be irreparably harmed without a stay, but it is difficult to see how TLT – a multi-million dollar general contracting firm – would be harmed by having to wait until the First Circuit considers the appeal.  Because it is a dispute between two private parties, the public interest is not affected by this case.

appeal.")[2] This "automatic" stay of execution upon TLT's judgment while the appeal is pending suggests that a supersedeas bond is not appropriate in this case.[3]

      WHEREFORE, Seating Solutions respectfully requests that:

(i)      The Court deny TLT's motion for a supersedeas bond; and

(ii)     The Court allow Seating Solutions' cross motion for a stay pending appeal.

                        Respectfully Submitted,

                        RI Inc. d/b/a SEATING SOLUTIONS

                        By its attorney,

                        _____/s/_____ Terry Klein
                        HENSHON PARKER VYADRO, P.C.
                        Terry Klein, BBO# 652052
                        84 State Street, Suite 760
                        Boston, Massachusetts  02109
                        Telephone: (617) 367-1800
                        Facsimile: (617) 507-6454

Dated:  September 1, 2006

---

[2] Judge Collings has concluded, in *dicta*, Fed. R. Civ. P. 62 is a controlling federal statute that nullifies the effect of Mass. Gen. Law ch. 235 § 16.  *See Elias Bros. Restaurants, Inc. v. Acorn Enters., Inc.*, 931 F. Supp. 930, 937-38 (1996).  This conclusion is open to question. Judge Collings concluded that the Massachusetts statute conflicted with Fed. R. Civ. P. 62(a), which states that "no execution shall issue upon a judgment . . . until the expiration of 10 days after its entry."  But the exhaustion of appellate remedies would also happen after the expiration of the ten day automatic stay.  Stated differently, there is no federal rule mandating issuance of an execution while an appeal is pending.  The Court should apply the Massachusetts statute.

[3] If the Court is inclined to allow TLT's motion, Seating respectfully suggests that the Court should order it to obtain a bond.  Discovery is not necessary.  TLT's claim that "an additional three (3) years of interest must be factored into the amount of the supersedeas bond", furthermore, is without merit.  TLT offers no support for its claim that it will take three years to resolve Seating's appeal.  The appeal, after all, has been docketed and a briefing schedule set.  It is difficult to conceive of a scenario in which the First Circuit does not hand down a decision within a year of this Court's June 2, 2006 ruling.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on or before September 1, 2006.

    /s/                            Terry Klein
