UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| TLT CONSTRUCTION CORP., | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | CIVIL ACTION |
|  | ) | NO. 05-10223-LTS |
| RI, INC., d/b/a SEATING SOLUTIONS., | ) | |
|  | ) | |
| Defendants. | ) | |

ORDER ON PLAINTIFF'S MOTION TO REQUIRE DEFENDANT
TO POST SUPERSEDEAS BOND AND ON
DEFENDANT'S MOTION FOR STAY PENDING APPEAL

SOROKIN, M.J.

On June 27, 2006, this Court entered judgment in favor of the Plaintiff (TLT) in the amount of $34,160.00, plus interest and costs (amounting to $40,638.00). TLT now moves pursuant to Fed. R. Civ. P. 62(d) for an order requiring the Defendant (Seating Solutions) to post a supersedeas bond in the amount of $58,000.00. Alternatively, TLT asks that this Court order discovery pursuant to Fed. R. Civ. P. 69 to aid in securing collection of the judgment. Seating Solutions opposes the motion, and moves pursuant to Fed. R. Civ. P. 62(d) for a stay of the judgment (without a bond) during the pendency of its appeal, noticed on July 21, 2006.

The Plaintiff's motion is ALLOWED in part and DENIED in part. The Defendant's motion is DENIED as moot.

Seating Solutions argues *inter alia* that it is entitled to a stay of judgment enforcement proceedings during the pendency of its appeal, without the necessity of filing a supersedeas bond,

because Fed. R. Civ. P. 69 provides that enforcement procedures "shall be in accordance with the practice and procedure of the state in which the district court is held," and because Massachusetts law provides for an automatic stay of judgment until the exhaustion of appeals.  See, Mass. R. Civ. P. 62(a); M.G.L. 235, §16.

Fed. R. Civ. P. 69 also provides, however, that any federal statute concerning execution procedures governs, to the extent applicable.  Fed. R. Civ. P. 62(a) is a federal statute governing execution procedures, and is in direct conflict with Mass. R. Civ. P. 62(a).[1]  See, e.g., Elias Bros. Restaurants, Inc. v. Acorn Enterprises, Inc., 931 F.Supp. 930, 938 (D.Mass.1996), and cases cited therein.   The Defendant therefore has no entitlement to a stay pending appeal without the posting of a bond.  Posting of such a bond, of course, acts as an automatic stay of the enforcement proceedings during pendency of the appeal.  Acevedo-Garcia v. Vera Monroig, 296 Fed.2d 13, 17 (1st Cir.2002); American Mfg. Mut. Ins. Co. v. American Broadcasting Paramount Theaters, Inc., 87 S. Ct. 1, 3 (1966); Fed. R. Civ. P. 62(d)

Extraordinary circumstances may nevertheless warrant a stay without the posting of a bond.  See, e.g., Trans World Airlines v. Hughes, 314 F.Supp. 94, 97 (D.C.N.Y. 1970).  The Defendant has not demonstrated any such circumstances in this case.  The posting of a supersedeas bond to stay enforcement proceedings is a privilege extended to the judgment debtor, and the burden of objectively demonstrating reasons for departing from ordinary practice fall upon the party opposing the bond, not upon the judgment creditor.  See, Poplar Grove Planting

---

[1] Mass. R. Civ. P. 62(a) provides in relevant part that ". . .no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the time for appeal from the judgment has expired." M.G.L. c. 236, §16 provides, in relevant part, "No execution shall issue upon a judgment until the exhaustion of all possible appellate review thereof. . ."; Fed. R. Civ. P. provides in relevant part, "no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry."

and Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir.1979).  Seating Solutions' ability to pay the judgment is not so plain that the cost of the bond would be a waste of money, especially where the record does not contain any documentation of its assets and only a general assertion stating its annual revenues.  In addition, Seating Solutions' only Masschusetts activity is that which is set forth in this Court's earlier decisions.  It does not operate generally in Massachusetts.

The bond value suggested by TLT, however, is more than is necessary to secure the judgment.   There is no reason to expect that the Defendant's appeal will take three years to run its course, as asserted.  The appellant's brief is due to be filed at the First Circuit Court of Appeals within days of issuance of this Order.  Local Rule 62.2 provides that a supersedeas bond staying execution of a money judgment shall be in the amount of the judgment plus ten percent, plus $500.00 for costs (although Court may direct otherwise).  In this case, the amount provided for by the Local Rule is sufficient to secure the judgment.

For the foregoing reasons, the Plaintiff's motion (Docket No. 46) is ALLOWED in part and DENIED in part.  The Plaintiff's request for Rule 69 discovery is DENIED.  The Defendant's motion for a supersedeas bond is ALLOWED and the DEFENDANT is ORDERED to post a supersedeas bond in the amount of $45,200.00, at which time enforcement of the judgment is stayed as a matter of right pursuant to Rule 62(d).

The Defendant's Motion (Docket No. 48) is DENIED as moot.

/s / Leo T. Sorokin
UNITED STATES MAGISTRATE JUDGE

Dated:  October 13,  2006